UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SIN DE UN ADBUL BLUE,

    Plaintiff,                      CIVIL ACTION NO. 16-cv-10526

    v.                            DISTRICT JUDGE MARK A. GOLDSMITH

RIVER ROUGE, CITY OF, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO CORRECT DOCKET ENTRIES [13], DENYING DEFENDANTS' MOTION IN LIEU OF ANSWER TO STRIKE PLEADINGS AND MOTION FOR MORE DEFINITE STATEMENT [15], DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [28], DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND FOR COSTS INCURRED [29], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT [40], GRANTING PLAINTIFF'S MOTION TO AMEND THE 9-9-2016 SUPPLEMENT [41], AND DENYING PLAINTIFF'S MOTION TO STRIKE [45]**

Plaintiff Sexual Sin De Un Adbul Blue filed this *pro se* civil rights action against Defendants City of River Rouge, River Rouge Police Department, Officer Otis, Officer J. Copeland, Officer R.M. Miller, Sergeant Mitchell, and John Doe pursuant to 42 U.S.C. § 1983 on February 12, 2016, asserting claims of false and malicious arrest, false imprisonment, and malicious prosecution, among others, with regard to his arrest and prosecution for trespassing. (Docket no. 1.)  This matter comes before the court on seven motions:  (1) Plaintiff's Motion to Correct Docket Entries (docket no. 13); (2) Defendants' Motion in Lieu of Answer to Strike Pleadings and Motion for More Definite Statement (docket no. 15); (3) Plaintiff's Motion to Compel Discovery (docket no. 28); (4) Plaintiff's Motion to Compel Production and for Costs Incurred (docket no. 29); (5) Plaintiff's Motion for Leave to Supplement the Plaintiff's Response

to Defendants' Motion for Summary Judgment per the August 25, 2016 Order Denying Defendants' Motion to Stay Discovery (docket no. 40); (6) Plaintiff's Motion to Amend the 9-9-2016 Supplement of the Plaintiff's Response to Defendants' Motion for Summary Judgment by Interlineation for Purposes of Clarification (docket no. 41); and (7) Plaintiff's Motion to Strike the Affidavit of Officer Otis Alternatively Plaintiff's Request to Have Evidence Considered that Contradicts Officer Otis's Unsworn Declaration (docket no. 45).[1]  This action has been referred to the undersigned for all pretrial proceedings.  (Docket no. 7.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.   **Plaintiff's Motion to Correct Docket Entries [13]**

Plaintiff filed a Motion to Correct Docket Entries on March 2, 2016 (docket no. 13), to which Defendants have not responded.  In this Motion, Plaintiff moves the Court to correct the docket in this matter to reflect that he served a Notice of Change of Address upon Defendants on February 24, 2016.  (*Id.* at 1.)  Plaintiff explains that he filed a Proof of Service of the Notice with the Court on February 24, 2016, and that the Clerk of Court made entries on the docket numbering 2 and 3 respectively based on the Proof of Service, but the Clerk failed to make any entry on the docket regarding service of the Notice of Change of Address upon Defendants.  (*Id.* at 5.)  Plaintiff is seemingly mistaken in this regard, as docket entries number 2 and 3 in this matter are Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (docket no. 2) and Plaintiff's Request for Service by U.S. Marshal (docket no. 3).  Neither of these documents relates to a Proof of Service of Plaintiff's Notice of Change of Address upon Defendants.  In fact, there is no record that Plaintiff filed the subject Proof of Service with the

---

[1] Also pending before the court is Defendants' Motion for Summary Judgment Pursuant to Rule 56 on Claims 1-5 and Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to 12(b)(6) on Claims 6 and 7 (docket no. 23), which the Court will address separately in a Report and Recommendation.

court. Even if he had, such a filing would be irrelevant and unnecessary, as (1) the Notice of Change of Address purportedly served upon Defendants by Plaintiff was not filed with the court and is therefore not a part of the record in this matter; and (2) the "old address" and "new address" listed in the Notice of Change of Address, which Plaintiff attached as an exhibit to his Motion, are identical to each other and to Plaintiff's address of record as provided in the Complaint (*see id.* at 2-4 and docket no. 1). Accordingly, the Court will DENY Plaintiff's Motion to Correct Docket Entries (docket no. 13).

**II.  Defendants' Motion in Lieu of Answer to Strike Pleadings and Motion for More Definite Statement [15]**

On March 9, 2016, Defendants filed a Motion in Lieu of Answer to Strike Pleadings and Motion for More Definite Statement, in which Defendants argue that (1) portions of Plaintiff's Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f) for "containing scandalous diatribe which is offensive and immaterial to this action;" and (2) Plaintiff should be ordered to provide a more definite statement pursuant to Rule 12(e) because the Complaint does not give Defendants adequate notice of Plaintiff's claims, and Defendants are therefore unable to prepare a coherent answer. (Docket no. 15.) After receiving an extension of time from the Court, Plaintiff responded to Defendants' Motion and filed a Proposed First Amended Complaint by the April 11, 2016 deadline. (Docket nos. 19 and 20.) Plaintiff explains in his Response that he made an effort to make more specific allegations against specific defendants in the Proposed First Amended Complaint. (Docket no. 20.) Defendants replied to Plaintiff's Response and asserted that Plaintiff's Proposed First Amended Complaint fails to address all of the deficiencies of the original Complaint. (Docket no. 21.) Nevertheless, on June 6, 2016, Defendants filed a Motion for Summary Judgment and to Dismiss based on Plaintiff's Proposed First Amended Complaint. (Docket no. 23.) Accordingly, the Court will construe Plaintiff's Proposed First

Amended Complaint (docket no. 19) as Plaintiff's First Amended Complaint and will DENY Defendants' Motion in Lieu of Answer to Strike Pleadings and Motion for More Definite Statement (docket no. 15) as moot.

### III.  Plaintiff's Motion to Compel Discovery [28] and Motion to Compel Production and for Costs Incurred [29]

Plaintiff filed a Motion to Compel Discovery (docket no. 28) and a Motion to Compel Production and for Costs Incurred (docket no. 29) on July 14, 2016 and July 18, 2016, respectively.  Defendants responded to both motions.  (Docket nos. 33 and 34.)  The subject of Plaintiff's Motion to Compel Discovery is a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, which Plaintiff served upon the "Court Administrator/Custodian of Records for 25th District Court."  (Docket no. 28.)  In the Motion, Plaintiff takes issue with the copy fees imposed by "the Defendant, 25th District Court Court [sic] Administrator" for the documents requested, claiming that Federal Rules of Civil Procedure 34 and 45 do not permit a responding party to charge a requesting party for the production of discovery.  (*Id*. at 1-3, 7-8.)

In Plaintiff's Motion to Compel Production and for Costs Incurred, Plaintiff seeks a court order compelling Defendant River Rouge Police Department to respond to a subpoena served upon the Custodian of Records for the City of River Rouge Police Department so that Plaintiff may properly respond to Defendants' Motion for Summary Judgment.  (Docket no. 29.)  In this regard, Plaintiff asserts that he contacted the city clerk regarding the subpoena, who informed him that the subpoena was given to defense counsel in this matter and that she would respond to the subpoena on behalf of the City of River Rouge.  (*Id*. at 5.)

Plaintiff's discovery motions violate the Federal Rules of Civil Procedure and the Local Rules of this District in several respects.  First, Plaintiff does not certify in the motions that he

conferred or attempted to confer with Defendants, through defense counsel, regarding the discovery sought before filing the motions, which is a violation of Federal Rule of Civil Procedure 37(a)(1) and Eastern District of Michigan Local Rule 7.1(a). Also, Plaintiff filed the Motion to Compel Discovery against "the Defendant, 25th District Court Court [sic] Administrator" pursuant to Federal Rule of Civil Procedure 34; however, neither the 25th District Court nor its Court Administrator is a named defendant and neither is therefore subject to Rule 34 in this matter. Additionally, Plaintiff served a subpoena directly upon Defendant City of River Rouge Police Department, which is a circumvention of Federal Rule of Civil Procedure 34. Furthermore, Plaintiff failed to serve a notice and copy of the subpoenas on Defendants prior to service on the persons to whom they were directed in violation of Federal Rule of Civil Procedure 45(a)(4). For these reasons, the Court will DENY Plaintiff's Motion to Compel Discovery (docket no. 28) and Plaintiff's Motion to Compel Production and for Costs Incurred (docket no. 29).

Notably, the denial of these motions does not mean that Plaintiff was without discovery in responding to Defendants' Motion for Summary Judgment and to Dismiss. On August 25, 2016, the Court denied Defendants' August 8, 2016 Motion to Stay Discovery (docket no. 37) and directed Defendants to respond to Plaintiff's discovery requests. (Docket no. 39.) The Court also advised Plaintiff that upon receiving Defendants' discovery responses, he may seek leave of court to supplement his Response to Defendants' Motion for Summary Judgment and to Dismiss. (*Id*. at 2.) Plaintiff has since filed such a motion, which the Court will address forthwith.

**IV.      Plaintiff's Motion for Leave to Supplement the Plaintiff's Response to Defendants' Motion for Summary Judgment per the August 25, 2016 Order Denying Defendants' Motion to Stay Discovery [40]**

In the instant Motion, Plaintiff advises that he received Defendants' discovery responses and, in light of those responses, he seeks leave to supplement his Response to Defendants' Motion for Summary Judgment and to Dismiss. (Docket no. 40.) Defendants filed a substantive response to Plaintiff's proposed supplement, but they do not oppose the supplement procedurally. (Docket no. 42.) Accordingly, the Court will GRANT Plaintiff's Motion for Leave to Supplement his Response to Defendants' Motion for Summary Judgment and to Dismiss (docket no. 40) and will consider both Plaintiff's supplement and Defendants' substantive response in evaluating the merit of Defendants' Motion for Summary Judgment and to Dismiss.

**V.       Plaintiff's Motion to Amend the 9-9-2016 Supplement of the Plaintiff's Response to Defendants' Motion for Summary Judgment by Interlineation for Purposes of Clarification [41]**

In this Motion, Plaintiff seeks leave to amend his Supplemental Response to Defendants' Motion for Summary Judgment and to Dismiss (docket no. 40) by making small wording changes to the section headings in order to clarify his position. (Docket no. 41.) Defendants responded to Plaintiff's Motion and advised that they have no objection to Plaintiff's proposed changes. (Docket no. 44.) The Court will GRANT Plaintiff's Motion to Amend the 9-9-2016 Supplement of the Plaintiff's Response to Defendants' Motion for Summary Judgment by Interlineation for Purposes of Clarification (docket no. 41).

**VI. Plaintiff's Motion to Strike the Affidavit of Officer Otis Alternatively Plaintiff's Request to Have Evidence Considered that Contradicts Officer Otis's Unsworn Declaration [45]**

On October 14, 2016, Plaintiff filed a Motion to Strike the Affidavit of Officer Otis; in the alternative, Plaintiff requests that the Court consider evidence contradictory to Officer Otis's unsworn declaration, which evidence is attached to Plaintiff's Motion. (Docket no. 45.) In the Motion, Plaintiff argues that Defendant Otis's unsworn affidavit is inadmissible as evidence in support of Defendants' Motion for Summary Judgment and to Dismiss because it makes factual statements without evidence and conclusions that are not supported by the record, in violation of Federal Rule of Civil Procedure 56(c)(4). (*Id.* at 1, 3.) For example, Plaintiff argues that Defendant Otis improperly relied on his police report in the affidavit, because the police report is hearsay. (*Id.* at 1.) Plaintiff also argues that Defendant Otis's statement that Plaintiff did not own the property on which he was arrested is a legal conclusion that Defendant Otis was not qualified to make because he is not an expert. (*Id.* at 2.) Plaintiff concludes that Defendant Otis's affidavit should be stricken because Defendant Otis "makes so many statements outside the purview of an affidavit of a lay person" and the affidavit primarily consists of hearsay, expert testimony, and conclusory self-serving statements. (*Id.*)

Defendants object to Plaintiff's Motion on the basis that he filed it as a means to provide further argument and/or evidence in support of his Response to Defendants' Motion for Summary Judgment and to Dismiss, and the deadline for doing so has passed. (Docket no. 47 at 4.) Defendants also assert that the police report relied upon by Defendant Otis is not hearsay and that the facts and conclusions stated in Defendant Otis's affidavit are based upon the facts learned by him as part of his investigation and are permitted to be considered by the court. (*Id.* at 4-6.)

As an initial matter, Plaintiff's Motion is untimely. Defendants submitted the affidavit of Defendant Otis as support for their Reply to Plaintiff's Response to their Motion for Summary Judgment and to Dismiss on August 9, 2016. Plaintiff's Motion comes over two months after the affidavit was filed, and Plaintiff has not provided good reason for his dilatory behavior. At the very latest, Plaintiff should have challenged the affidavit in his September 9, 2016 Supplemental Response to Defendants' Motion for Summary Judgment and to Dismiss. Also, Rule 56(c)(4) provides that an affidavit used to support a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court has reviewed Defendant Otis's affidavit and finds that it fully complies with Rule 56(c)(4). The Court will therefore DENY Plaintiff's Motion to Strike the Affidavit of Officer Otis (docket no. 45.)

As Plaintiff points out, however, Defendant Otis asserts in the affidavit that he relies on the facts as stated in his March 31, 2013 and April 1, 2013 police reports. (*See* docket no. 45 at 1; docket no. 38-9 ¶¶ 4, 6.) Police reports may lie within the hearsay exception for public records, *see* Fed. R. Evid. 803(8), as long as the factual findings in those reports are based upon the knowledge and first-hand observations of the person preparing the reports. *See Dortch v. Fowler,* 588 F.3d 396, 402–04 (6th Cir. 2009); *Miller v. Field,* 35 F.3d 1088, 1091 (6th Cir. 1994). But the statements of non-party witnesses contained within a police report constitute inadmissible hearsay, and they may not be considered in resolving a motion for summary judgment. *Miller,* 35 F.3d at 1091; *see Alexander v. CareSource,* 576 F.3d 551, 558 (6th Cir. 2009). Accordingly, the Court will exclude from consideration the statements of Ryan Gregory contained in Defendant Otis's March 31, 2013 police report and the statements of Jasmine Smith

and Nolan Hardie contained in Defendant Otis's April 1, 2013 police report in its evaluation of Defendants' Motion for Summary Judgment and to Dismiss.

Lastly, Plaintiff requests that if the Court denies his Motion to Strike Defendant Otis's affidavit, it consider evidence contradictory to the affidavit, which evidence Plaintiff attaches as exhibits to the Motion. (Docket no. 45 at 2-3, 6-26.) Much of Plaintiff's request is moot, as five of the six exhibits attached to the instant Motion were already submitted as evidence in this matter by Plaintiff in response to Defendants' Motion for Summary Judgment or to Dismiss, and they will therefore be considered by the Court in resolving Defendants' Motion. (*See* docket nos. 35 and 35-1.) The Court declines to consider the other exhibit, a letter from the Deputy Assessor of the City of Ecorse stating that the property on which Plaintiff was arrested is located within the City of Ecorse, because the time for submitting evidence in opposition of Defendants' Motion has passed, and because the exhibit is not relevant to or determinative of Plaintiff's claims.

**IT IS THEREFORE ORDERED** that

a. Plaintiff's Motion to Correct Docket Entries [13] is **DENIED**;

b. Defendants' Motion in Lieu of Answer to Strike Pleadings and Motion for More Definite Statement [15] is **DENIED** as moot;

c. Plaintiff's Motion to Compel Discovery [28] is **DENIED**;

d. Plaintiff's Motion to Compel Production and for Costs Incurred [29] is **DENIED**;

e. Plaintiff's Motion for Leave to Supplement the Plaintiff's Response to Defendants' Motion for Summary Judgment per the August 25, 2016 Order Denying Defendants' Motion to Stay Discovery [40] is **GRANTED**;

  f.  Plaintiff's Motion to Amend the 9-9-2016 Supplement of the Plaintiff's Response to Defendants' Motion for Summary Judgment by Interlineation for Purposes of Clarification [41] is **GRANTED**; and

  g.  Plaintiff's Motion to Strike the Affidavit of Officer Otis Alternatively Plaintiff's Request to Have Evidence Considered that Contradicts Officer Otis's Unsworn Declaration [45] is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 7, 2017    s/ Mona K. Majzoub
                MONA K. MAJZOUB
                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated: February 7, 2017    s/ Lisa C. Bartlett
                Case Manager