**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SEXUAL SIN DE UN ADBUL BLUE,

      Plaintiff,                        CIVIL ACTION NO. 16-cv-10526

      v.                            DISTRICT JUDGE MARK A. GOLDSMITH

RIVER ROUGE, CITY OF, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' EMERGENCY MOTION TO COMPEL [63]
AND DEFENDANTS' MOTION TO QUASH [64]**

Plaintiff Sexual Sin De Un Adbul Blue filed this *pro se* civil rights action against Defendants City of River Rouge, River Rouge Police Department, Officer Otis, Officer J. Copeland, Officer R.M. Miller, Sergeant Mitchell, and John Does pursuant to 42 U.S.C. § 1983 on February 12, 2016, asserting claims of false and malicious arrest, false imprisonment, and malicious prosecution, among others, with regard to his arrest and prosecution for trespassing. (Docket no. 1.)  Defendants River Rouge Police Department, City of River Rouge, and John Does 1-10 were dismissed from this matter on March 28, 2017, along with Plaintiff's claims of malicious prosecution, wrongful use of judicial process, attorney fees, and punitive damages. (Docket no. 53 at 10-12.)

This matter comes before the Court on two motions:  (1) Defendants' Emergency Motion to Compel Plaintiff to Appear for his Properly Noticed Deposition on June 7, 2017 at 10:00 a.m. at the Theodore Levin Courthouse (docket no. 63); and (2) Defendants' Motion to Quash Plaintiff's Subpoenas Dated 5/18/17 for the Depositions of Officer Otis, Troy Newman and

Kameelah Pasha Scheduled for June 7, 2017 (docket no. 64). Plaintiff responded to Defendants' Motions (docket no. 68),[1] and Defendants replied to Plaintiff's Response (docket no. 69). This action has been referred to the undersigned for all pretrial proceedings. (Docket no. 54.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

On April 27, 2017, Plaintiff sent correspondence to defense counsel requesting to take the depositions of Defendant Otis and Troy Newman, City Commissioner for River Rouge; the request was not accompanied by any formal notice of deposition. (Docket no. 63 at 2, 26.) On May 4, 2017, Defendants formally noticed the deposition *duces tecum* of Plaintiff for June 15, 2017 at 10:00 a.m. at the offices of defense counsel. (*Id*. at 23-24.) The same day, defense counsel responded to Plaintiff's correspondence and advised that she was looking into available dates for Defendant Otis and Mr. Newman's depositions, to take place after June 15, 2017, and she inquired regarding Plaintiff's need to depose Mr. Newman, as the City of River Rouge has been dismissed from the action. (*Id*. at 26.) In response, Plaintiff indicated to defense counsel that he was not available to be deposed on June 15, 2017, that he would not be deposed at defense counsel's offices, and that he would not agree to be deposed until after he had the opportunity to depose Defendant Otis and Mr. Newman. (*Id*. at 28.) On May 10, 2017, defense counsel formally re-noticed Plaintiff's deposition for June 7, 2017 at 10:00 a.m. at the Theodore Levin U.S. Courthouse, informed Plaintiff that she was not available on the dates that Plaintiff proposed for Defendant Otis's deposition, and again asked Plaintiff to provide the relevant basis for deposing Mr. Newman and Kameelah Pasha, Assessor for the City of River Rouge (whose

---

[1] Defendants' Motions and Plaintiff's Response do not comply with The United States District Court for the Eastern District of Michigan's Electronic Filing Policies and Procedures R18(b). The parties' future filings must adhere to this policy, or they will be stricken.

deposition Plaintiff requested in correspondence dated May 9, 2017). (*Id.* at 30-32.) Plaintiff responded to defense counsel the next day indicating that he was available to be deposed on the new date of June 7, 2017, providing that he is able to depose Defendant Otis, Mr. Newman, and Ms. Pasha on the same day prior to his deposition. (*Id.* at 34.) One week later, defense counsel notified Plaintiff that Defendant Otis would be available for his deposition on June 22, 2017, at defense counsel's office.[2] (*Id.* at 36.) Plaintiff responded to defense counsel and told her that she would need to change his June 7, 2017 deposition to a date after that of Defendant Otis, again asserting that he would not be deposed before Defendant Otis. (*Id.* at 38.)

Plaintiff and defense counsel continued to correspond on May 18, 2017, regarding the sequence of the depositions and the time allotted for depositions under the court rules. (Docket no. 63 at 40-41, 43, 45-46, 49.) Specifically, Plaintiff argued that there was no reason why all of the depositions could not take place on the same date – either June 7, 2017 or June 22, 2017. (*Id.* at 43.) Defense counsel explained that under the court rules, she has seven hours within which to depose Plaintiff, and she may use all of that time, which would not leave any time for any other depositions on the same day. (*Id.* at 45.) Plaintiff responded that since he made the first request for a deposition, he would depose Defendant Otis first on June 7, 2017, and defense counsel could depose Plaintiff on June 22, 2017. (*Id.* at 49.) Plaintiff also informed defense counsel that he would not sit for his deposition for seven hours. (*Id.*) Then, on May 20, 2017, Plaintiff, for the first time, mailed formal notices of deposition and subpoenas to defense counsel for the depositions of Defendant Otis, Ms. Pasha, and Mr. Newman, to take place on June 7, 2017 at 10:00 a.m., 11:00 a.m., and 12:00 p.m., respectively, at the Theodore Levin U.S. Courthouse, which is the same date and time noticed for Plaintiff's deposition. (*Id.* at 53-62.)

---

[2] Defense counsel informs that Defendant Otis has retired from the City of River Rouge Police Department and now works as a police officer for the City of Ecorse. She explains that she therefore must schedule Defendant Otis's deposition in accordance with his availability, which is June 22, 2017. (Docket no. 64 at 3.)

Defendants now move to compel Plaintiff's deposition to proceed as noticed for June 7, 2017 at 10:00 a.m. at the Theodore Levin U.S. Courthouse, and they seek to quash Plaintiff's subpoenas for Defendant Otis, Ms. Pasha, and Mr. Newman's depositions. (Docket nos. 63 and 64.) Defendants also move for the costs and attorney fees that they incurred in filing the instant motions for Plaintiff's allegedly uncooperative behavior during discovery in this matter. (Docket no. 63 at 19; docket no. 64 at 21.) Plaintiff, in his Response to Defendants' Motions, has agreed to withdraw his subpoenas to depose Mr. Newman and Ms. Pasha. (Docket no. 68 at 1.) Accordingly, the Court will deny this portion of Defendants' Motion to Quash as moot. Plaintiff, however, continues to maintain his position regarding the sequence of his and Defendant Otis's depositions. (*Id*. at 1, 3-4.) Plaintiff argues that "[i]t is clear that Defendant's counsel wants to obscure the facts and get the Plaintiff's facts out before Officer Otis testifies. Because Officer [Otis] has repeatedly changed his story it is imperative that Officer Otis be deposed BEFORE the Plaintiff is deposed." (*Id*. at 3.) Plaintiff also declares that he has hired an attorney to conduct Defendant Otis's deposition, and the attorney is not available to do so until after June 19, 2017. (*Id*. at 8.) He further informs that the court stenographer he has hired will not be available to record Defendant Otis's deposition until after June 11, 2017. (*Id*.)

The Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation. Federal Rule of Civil Procedure 26(d) provides that "[u]nless . . . the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). "Therefore, under the Federal Rules there is no rule of discovery priority." *Harris v. River Rouge Hous. Comm'n*, No. 11-14030,

2012 WL 12930807, at *3 (E.D. Mich. May 2, 2012) (citations and internal quotation marks omitted).  "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998).  If a party objects to the sequence and timing of any properly noticed depositions, then that party must seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) asking that said depositions be prohibited or stayed until after other discovery has been presented based upon a showing of good cause.  Fed. R. Civ. P. 26(c).

Here, while Plaintiff was the first party to request to take depositions in this matter, Defendants were the first to *properly* and *formally* notice Plaintiff's deposition.  Plaintiff then unilaterally decided to block Defendants' ability to take his deposition until he has first deposed Defendant Otis, which decision is based upon his belief that Defendant Otis has previously made contradictory statements regarding the key element of the case, and if Plaintiff is deposed first, then Defendant Otis will simply match his deposition testimony to Plaintiff's deposition testimony.  (*See* docket no. 68 at 4.)  However, Plaintiff failed to seek a protective order as required.  Moreover, to the extent that Defendant Otis has allegedly made or will make contradictory statements concerning the issues of this matter, Plaintiff may examine Defendant Otis with respect to those statements at Defendant Otis's deposition, regardless of whose deposition is taken first.  Accordingly, the Court finds that Plaintiff has not shown good cause to stay the taking of his deposition until he has first taken the deposition of Defendant Otis.  The Court will therefore grant Defendants' Motion to Compel Plaintiff's deposition and Defendants' Motion to Quash Plaintiff's Subpoena for Defendant Otis's deposition, and, based on the parties' asserted availability, the Court will order Plaintiff's deposition to proceed as noticed on June 7,

2017, and Defendant Otis's deposition to proceed on June 22, 2017 at 10:00 a.m. at the offices of defense counsel.

Defendants have also moved for costs and attorney fees in the instant Motions. The Court, in its discretion, concludes that the facts presented do not warrant the imposition of the requested sanctions. The Court will therefore deny Defendants' Motions in this regard. Nevertheless, the Court reminds Plaintiff that despite his status as a *pro se* litigant, he must familiarize himself with and follow the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan. Failure to follow these rules or communicate with defense counsel in good faith during the discovery process may result in sanctions.

**IT IS THEREFORE ORDERED** that Defendants' Emergency Motion to Compel Plaintiff to Appear for his Properly Noticed Deposition on June 7, 2017 at 10:00 a.m. at the Theodore Levin Courthouse [63] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendants' Motion to Compel Plaintiff to Appear for his Deposition is GRANTED. Plaintiff is ordered to appear for his deposition on June 7, 2017 at 10:00 a.m. at the Theodore Levin U.S. Courthouse as noticed; and

b. Defendants' Motion for the attorneys' fees and costs that they incurred in filing the instant Motion is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash Plaintiff's Subpoenas Dated 5/18/17 for the Depositions of Officer Otis, Troy Newman and Kameelah Pasha Scheduled for June 7, 2017 [64] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendants' Motion to Quash Plaintiff's Subpoena Dated 5/18/17 for the Deposition of Officer Otis Scheduled for June 7, 2017 is GRANTED;

b.     Defendants' Motion to Quash Plaintiff's Subpoenas Dated 5/18/17 for the

Depositions of Troy Newman and Kameelah Pasha Scheduled for June 7, 2017 is

DENIED as moot; and

c.     Defendants' Motion for the attorneys' fees and costs that they incurred in filing

the instant Motion is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff will take the deposition of Defendant

Officer Otis on June 22, 2017 at 10:00 a.m. at defense counsel's office.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date

of this Order within which to file any written appeal to the District Judge as may be permissible

under 28 U.S.C. § 636(b)(1).

Dated:  June 6, 2017                                    s/ Mona K. Majzoub
                                                       MONA K. MAJZOUB
                                                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record
on this date by electronic and/or first class mail.

Dated:  June 6, 2017                                    s/ Lisa C. Bartlett
                                                       Case Manager