UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SIN DE UN ABDUL BLUE,

        Plaintiff,                                   Case No. 16-cv-10526

vs.                                                        HON. MARK A. GOLDSMITH

CITY OF RIVER ROUGE, et al.,

        Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 90)

Before the Court is Plaintiff Sexual Sin De Un Abdul Blue's motion to re-state clause [sic] of actions and the city of River Rouge as the defendant in light of newly-discovered evidence and motion for leave to amend (Dkt. 90). This motion was originally pending before Magistrate Judge Mona K. Majzoub, but is now before this Court in light of the motion's request to reconsider the Court's March 28, 2017 decision. See 3/28/2017 Op. & Order (Dkt. 53). Specifically, Blue asks this Court to reconsider its decision to dismiss both Defendant City of River Rouge and various federal and state law claims. Blue also requests leave to amend his complaint. For the reasons stated below, the Court denies Blue's motion.

### I.      MOTION FOR RECONSIDERATION

Motions for reconsideration may be granted when the moving party shows: (i) a palpable defect; (ii) by which the court and the parties were misled; and (iii) the correction of which will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

1

Blue also references Federal Rule of Civil Procedure 59(e), which allows for motions to alter or amend a judgment. However, "[t]he term 'judgment' as used in the Federal Rules of Civil Procedure . . . encompasses final judgment and appealable interlocutory orders." Phillips v. Teamsters Local Union No. 957, No. 05-292, 2007 WL 397011, at *1 (S.D. Ohio Jan. 31, 2007). The requirement of a judgment as a prerequisite to a Rule 59(e) motion "protects against piecemeal review because the denial of a Rule 59(e) motion is itself a final, appealable judgment." Id.

The order that Blue seeks to alter or amend was a partial grant of summary judgment and a grant of a motion to dismiss, which dismissed certain claims and Defendants while leaving others in the case. See 3/28/2017 Order at 12. Though the Court could have chosen to enter final judgment as to the dismissed claims or parties, it did not do so. See Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.") (emphasis added). Thus, the March 28, 2017 Order "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment[.]" Id. As a judgment has not yet been entered, a motion to alter or amend a judgment under Rule 59(e) is not an appropriate vehicle for reconsideration of the March 28, 2017 Order. See Blair v. Bd. of Trustees of Sugarcreek Twp., No. 07-056, 2008 WL 4372665, at *2 (S.D. Ohio Sept. 22, 2008) (finding that Rule 59(e) did not apply to an order that "adjudicates fewer than all of the claims, entails a partial grant of summary judgment, and is not immediately appealable"); see also Loomis v. Chrysler Corp., 4 Fed. App'x 214, 215 (6th Cir. 2001) ("The court properly denied the motion to alter or amend because no final judgment had been entered in the case at the time the motion was filed.").

The Court will, therefore, consider the motion as one for reconsideration under the Local Rules.

**A. Blue's Motion is Untimely**

As an initial matter, Blue's motion is untimely. Pursuant to the Local Rules, a motion for reconsideration "must be filed within 14 days after the entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). Here, the Court issued the order dismissing the City of River Rouge and certain claims against other Defendants on March 28, 2017. Blue did not file the instant motion until July 27, 2017, nearly four months later. Blue's motion can be denied on this ground alone. See, e.g., Majchrzak v. County of Wayne, 838 F. Supp. 2d 586, 597 (noting that a motion for reconsideration may be denied on the basis of untimeliness alone).

**B. Blue Has Failed to Identify a "Palpable Defect"**

Putting aside the failure to timely file his motion, Blue has not identified a "palpable defect" that misled this Court. Blue argues that Defendants used false documents to support their claim that there was probable cause to arrest him. See Pl. Mot. at 1 (cm/ecf page). Specifically, Blue contests Defendants' claim that Defendant Edward Otis contacted the River Rouge Building Department on March 31, 2013 and determined that Blue was not the owner of 50 Orchard Street. See id. at 2 (cm/ecf page). Blue argues that "the forfeit documents that the defendant's [sic] use in support w[ere] from another property in Wayne County, that had nothing to do with the Plaintiff[.]" Id. In support, Blue attaches a Judgment of Foreclosure filed in Case No. 12-007968-CH in the Third Judicial Circuit Court for Wayne County (Dkt. 90-3) and an affidavit, which concerns 18900 Murray Hill, filed in that same case (Dkt. 90-4).[1] The affiant states that 18900 Murray Hill was fraudulently assessed.

---

[1] Blue also attaches several other exhibits, including Defendants' responses to his requests for admission (Dkt. 90-1), Otis's police report (Dkt. 90-2), a 2012 quit claim deed (Dkt. 90-5), and Otis's unsworn declaration (Dkt. 90-6). These documents are (i) not new evidence, having been previously submitted to the Court, (ii) are irrelevant to Blue's claim that Defendants used false evidence to support their claim of probable cause, or (iii) both.

Defendants argue that Blue's evidence does not show what he claims. See Def. Resp. at 1 (Dkt. 94). They note that the Judgment of Foreclosure entered in Wayne County Circuit Court Case No. 12-007968-CH refers to multiple foreclosed properties, all of which are listed in an attached "Schedule A." Def. Resp. at 11-12. Schedule A in turn lists 50 Orchard as one of the foreclosed properties. See Judgment of Foreclosure, Schedule A, Ex. D to Def. Resp. (Dkt. 94-5). Defendants argue that the affidavit regarding 18900 Murray Hill has nothing to with this case, other than that 50 Orchard and 18900 Murray Hill were both foreclosed upon in Civil Action No. 12-007968-CH. Def. Resp. at 11-12. Defendants also attach the Notice of Judgment of Foreclosure for 50 Orchard, which indicates that the judgment was entered in Civil Action No. 12-007968-CH (Dkt. 94-8).

The Court agrees with Defendants. The Judgment of Foreclosure is clear that it applies to multiple properties, including 50 Orchard. The fact that another property also had the same civil case number as 50 Orchard does not show that Defendants used false documents to support their claims. Accordingly, Blue has not shown that the Court's decision relied upon a palpable defect.

Further, with respect to the City of River Rouge, Blue's 42 U.S.C. § 1983 claim against the City required an allegation that his injury was caused by an unconstitutional policy or custom of the municipality. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (holding that a municipality can be held liable under § 1983 when the government's policy or custom inflicts injury, but not under a respondeat superior theory). The magistrate judge, in recommending dismissal of the City, found that Blue "failed to identify any unconstitutional policy, custom, or practice that has been implemented, followed, or enforced by Defendant City of River Rouge that caused his injury." 2/7/2017 Report & Recommendation at 11 (Dkt. 49). Blue did not object to the dismissal of the City of River Rouge. See 3/28/2017 Order at 11-12 ("Blue has also failed to

object to the dismissal of the River Rouge Police Department, the City of River Rouge, and John Does 1-10; the Court therefore adopts the R&R regarding dismissal of those parties.").

The additional evidence that Blue has put forth does nothing to change the conclusions reached regarding the City of River Rouge, as Blue has still failed to identify any unconstitutional policy, custom, or practice used by the City that caused his injury. Nowhere in the motion for reconsideration does he claim that it was the practice of the City of River Rouge to submit false evidence to the Court or rely on false evidence when determining probable cause to arrest. Accordingly, Blue has not shown that reconsideration of this Court's order is warranted.

## II.     MOTION TO FILE AN AMENDED COMPLAINT

Blue also asks that this Court allow him to file an amended complaint. See Pl. Mot. at 7-8. The Federal Rules of Civil Procedure provide that a party may amend its pleading at this point in the proceeding "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." McCallum v. Gilless, 38 F. App'x 213, 216 (6th Cir. 2002). "A district court is not required to grant leave where the amendment would be futile, or in other words would not be able to survive a motion to dismiss." Bagsby v. Gehres, 225 F. App'x 337, 355 (6th Cir. 2007).

Blue argues that amendment would not be clearly futile, and that leave to amend should be liberally granted under Federal Rule of Civil Procedure 15. Pl. Mot. at 8. He references several statutes and types of claims, see Pl. Mot. at 8-10; the Court presumes that these are the claims that he would like to add to an amended complaint. Defendants respond that Blue's request is untimely,

5

made in bad faith, and lacks any legal basis. Def. Mot. at 17. They also argue that any amendment to add the referenced claims would be futile. Id. at 18.

The Court denies Blue's request because he unduly delayed in seeking to amend, and amendment at this time would not only result in undue prejudice to Defendants but would also be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); see also Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458 (6th Cir. 2001) ("Delay by itself is not sufficient reason to deny a motion to amend.") (quoting Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989)). Blue filed his first amended complaint in April 2016 – over a year before he filed this motion. He gives no valid explanation as to why he needs to file a second amended complaint now and could not have done so earlier. Blue states that the supposed new evidence "only became known because the plaintiff spent hours going through the court files to the case number of the forfeit that the defendant had provided," Pl. Mot. at 4 (cm/ecf page), but Defendants provided the Judgment of Foreclosure that Blue claims was fraudulent in August 2016. See Judgment of Foreclosure, Exhibit 11 to Def. Reply in Supp. of Mot. for Summ. J. (Dkt. 38-2). Blue took nearly a year to review court filings and request to amend the complaint. Further, as explained above, the evidence that Blue now puts forth changes nothing about his case.

As regards the undue prejudice to Defendants, Blue filed his motion to amend the complaint on July 27, 2017. Per the magistrate judge's scheduling order, discovery ended approximately six weeks later, on September 11, 2017. See Scheduling Order (Dkt. 55). Six weeks is not sufficient time to allow for resolution of the motion and full discovery of Blue's

additional claims.  The Court would need to extend the deadline for the close of discovery and for the parties to file dispositive motions, significantly prolonging the litigation.  This would result in undue prejudice to Defendants.  See Phelps v. McClellan, 30 F.3d 658, 662-663 (6th Cir. 1994) (in determining what constitutes prejudice, the court is to consider whether the new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction").

Equally as important, Blue's proposed claims would clearly be futile.  Blue first references 28 U.S.C. § 2241(e)(2), which he claims is unconstitutional.  Pl. Mot. at 8-9.  That statute concerns actions against the United States relating to the detention of aliens.  As neither the United States nor its agent is a party to this case, 28 U.S.C. §2241(e)(2) is wholly irrelevant and permitting Blue to amend his complaint to challenge this statute would be futile.  Next, Blue references a Bivens claim; that is, a claim for relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Pl. Mot. at 9.  Bivens provides a cause of action against federal officials who violate the Constitution.  403 U.S. at 397.  None of the parties to this case is a federal official, and therefore permitting Blue to add a Bivens claim would also be futile.  Finally, Blue mentions 42 U.S.C. § 1985 (2) and (3), which concern a conspiracy to interfere with civil rights.  Pl. Mot. at 10.  It is admittedly difficult to decipher what basis Blue argues exists for proposed claims under this statute, as he appears to simply recite elements of the claim.  See id.  However, he also mentions that "[t]he civil action harmed by Defendants' alleged spoliation of evidence is this action[.]"  Id.  Thus, to the extent that Blue proposes bringing a claim based on any actions Defendants took regarding the evidence in connection with this case, such claim is clearly futile, as discussed above.

Accordingly, Blue's motion for leave to amend is denied.

## III. CONCLUSION

For the reasons stated, Plaintiff Blue's Motion to Restate Clause [sic] of Actions and the City of River Rouge as the Defendant in Light of Newly Discovered Evidence and Motion for Leave to Amend (Dkt. 90) is denied.

SO ORDERED.

Dated: December 26, 2017           s/Mark A. Goldsmith
Detroit, Michigan                 MARK A. GOLDSMITH
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 26, 2017.

                                                            s/Karri Sandusky
                                                                Case Manager