**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**SEXUAL SIN DE UN ADBUL BLUE,**

    **Plaintiff,**　　　　　　　　　　**CIVIL ACTION NO. 16-cv-10526**

    **v.**　　　　　　　　　　　　　　　**DISTRICT JUDGE MARK A. GOLDSMITH**

**RIVER ROUGE, CITY OF,** *et al.***,**　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Sexual Sin De Un Adbul Blue, proceeding *pro se*, filed this civil rights action against Defendants City of River Rouge, River Rouge Police Department, Officer Otis, Officer J. Copeland, Officer R.M. Miller, Sergeant Mitchell, and several John Does pursuant to 42 U.S.C. § 1983 on February 12, 2016, asserting claims of false and malicious arrest, false imprisonment, malicious prosecution, wrongful use of judicial process, and interference with a contractual relationship, as well as claims for attorney fees and punitive damages, with regard to his arrest and prosecution for trespassing. (Docket no. 1.) At this juncture, the only claims that remain are Plaintiff's false arrest and false imprisonment claims against Defendants Otis, Copeland, Miller, and Mitchell. (*See* docket nos. 53 and 107.)

On November 15, 2017, the Court held a hearing regarding several of the parties' outstanding discovery and other pretrial motions, and in a corresponding Order dated November 17, 2017, the Court (1) granted in part Defendants' Motion for Sanctions for Plaintiff's Non-Compliance with the Court's Order and Discovery (docket no. 72) and ordered Plaintiff to pay the reasonable attorney's fees and costs incurred by Defendants in attending Plaintiff's June 7,

2017 deposition and Defendant Otis's June 22, 2017 deposition and in filing the Motion for Sanctions; (2) granted Defendants' Motion to Strike Plaintiff's Expert Witness List (docket no. 83) and granted Defendants' November 15, 2017 oral Motion for Plaintiff to pay the attorney's fees incurred by Defendants in filing the Motion to Strike (*see* docket no. 121 at 30); and (3) granted Defendants' Motion to Compel (docket no. 104) and ordered Plaintiff to pay the reasonable expenses and attorney's fees that Defendants incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (Docket no. 118.) On December 5, 2017, Defendants' counsel submitted Bills of Costs itemizing the fees and expenses that Defendants incurred, in accordance with the Court's November 17, 2017 Order. (Docket nos. 123, 124, 125.) The undersigned now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants be awarded attorney's fees in the amount of $5,520.00 and costs in the amount of $194.30, payable by Plaintiff to Defendants' counsel within twenty-one (21) days.

**II.    REPORT**

    **A.     Background**

        *1.     Defendants' Motion for Sanctions*

In May of 2017, a dispute arose between Plaintiff and Defendants regarding the timing, sequence, and location of the depositions of Plaintiff, Defendant Otis, and two non-party witnesses, Troy Newman and Kameelah Pasha. Plaintiff subsequently withdrew the subpoenas to depose Mr. Newman and Ms. Pasha, and the Court ordered Plaintiff and Defendant Otis to appear for their depositions on June 7, 2017 and June 22, 2017, respectively. (Docket no. 71.)

The depositions did not proceed as ordered; specifically, Plaintiff walked out of his deposition after sixteen minutes, and he did not appear to take Defendant Otis's deposition.

After Plaintiff walked out of his deposition, Defendants filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) against Plaintiff based on Plaintiff's failure to comply with the Court's Order compelling Plaintiff's deposition to take place on June 7, 2017, and "Plaintiff's continuous, intentional actions to hinder and obstruct Defendants' discovery efforts" during the deposition. (Docket no. 72.) In this Motion, Defendants sought, among other things, to be fully reimbursed for all attorney's fees and costs incurred on June 7, 2017 related to Plaintiff's truncated deposition and in drafting the Motion for Sanctions and its brief in support. (*Id*. at 22-23.)

At the November 15, 2017 hearing, the Court found that Plaintiff's behavior with regard to his June 7, 2017 deposition and Defendant Otis's June 22, 2017 deposition was baseless, unwarranted, and violative of the Federal Rules of Civil Procedure; that it demonstrated Plaintiff's complete disregard for the Court's June 6, 2017 Order compelling those depositions; and that it was therefore subject to sanctions under Federal Rules of Civil Procedure 30(d), 37(b)(2), and 37(d). (Docket no. 121 at 43-45.) The Court further determined that Plaintiff failed to show that his actions in walking out of his June 7, 2017 deposition and in failing to appear for Defendant Otis's deposition were substantially justified. (*Id*. at 45.) Accordingly, the Court granted Defendants' Motion for Sanctions in part and ordered Plaintiff to pay the reasonable attorney's fees and costs incurred by Defendants in attending Plaintiff's June 7, 2017 deposition and Defendant Otis's June 22, 2017 deposition and in filing the Motion for Sanctions. (*Id*. at 45; docket no. 118 at 4.) The Court also ordered Defendants to submit a Bill of Costs itemizing the same.

Pursuant to the Court's Order, Defendants have submitted a Bill of Costs seeking a total of $4,028.00 in attorney's fees for 21.2 hours of work and $194.30 in costs. (Docket nos. 123, 123-1). Plaintiff has not filed an objection.

2.  *Defendants' Motion to Strike Plaintiff's Expert Witness List*

On May 15, 2017, Plaintiff submitted an Expert Witness List, in which he named Charles Drago as an expert in this matter. (Docket no. 60.) Plaintiff, however, did not submit Mr. Drago's expert report by the June 5, 2017 deadline, or at all. Defendants therefore moved to strike Plaintiff's Expert Witness List under Federal Rule of Civil Procedure 37(c). (Docket no. 83.) Plaintiff filed a Response opposing Defendants' Motion on several grounds. (Docket no. 87.) Namely, Plaintiff falsely asserted that Defendants had not responded to his discovery requests, and he asserted that Mr. Drago could not issue a report without that discovery. Plaintiff also claimed that he had filed a motion to extend the expert report deadline, when in fact, he had not.

Despite his previous opposition to Defendants' Motion to Strike, at the beginning of the November 15, 2017 hearing, Plaintiff indicated concurrence in the relief sought by Defendants. (Docket no. 121 at 8.) Upon further discussion of this matter at the hearing, Plaintiff declared that he was striking Mr. Drago from his Expert Witness List. (*Id*. at 26.) He then admitted that he had not yet retained Mr. Drago to serve as an expert in this matter at the time that he filed his Expert Witness List, and that he ultimately never retained Mr. Drago at all. (*Id*. at 26-30.) Upon hearing these revelations, defense counsel made an oral motion for the attorney's fees incurred by Defendants in filing their Motion to Strike. (*Id*. at 30.)

The Court then determined that Plaintiff knowingly and intentionally perpetrated a fraud upon Defendants and the Court by signing and filing an expert witness list that designated Mr.

4

Drago as an expert and by claiming that he did not meet the expert report deadline because Mr. Drago needed to review more discovery before he could issue his report, when in fact, Mr. Drago had not been retained, had not agreed to support Plaintiff's case, and there was never going to be an expert report.  (Docket no. 118 at 3.)  The Court further determined that Plaintiff's conduct in this regard was egregious and unethical and of the sort that may give rise to a Rule 11 violation.  (*Id*.)  Nevertheless, the Court accepted Plaintiff's concurrence in Defendants' Motion, granted Defendants' Motion, and struck Plaintiff's Expert Witness List.  (*Id*. at 3, 5.)  The Court also granted Defendants' oral motion for the attorney's fees that they incurred in filing their Motion to Strike and ordered Defendants to submit a Bill of Costs.  (*Id*.)

Defendants submitted their Bill of Costs on December 5, 2017, in accordance with the Court's Order, through which they seek a total of $1,596.00 in attorney's fees for 8.4 hours of work.  (Docket nos. 124, 124-1).  Plaintiff has not filed an objection.

        *3.*      *Defendants' Motion to Compel*

On the discovery motion deadline, September 25, 2017, Defendants filed a Motion to Compel Discovery contending that Plaintiff failed to provide full and complete answers and failed to produce any documents in response to their First and Second Sets of Interrogatories and Requests for Production and that Plaintiff's responses to Defendants' First Set of Requests for Admission nos. 2, 3, 4, 5, 7, and 9 were deficient.  (Docket no. 104.)  As relief, Defendants sought an order (1) compelling full and complete responses to their Interrogatories and Requests for Production; (2) deeming the above-enumerated Requests for Admission admitted; and (3) awarding Defendants the costs and attorney's fees incurred in filing the Motion.  (*Id*.)  Plaintiff did not respond to Defendants' Motion.  The Court reviewed Plaintiff's discovery responses and determined that they were invalid, non-responsive, and deficient.  (*See* docket no. 121 at 39-40.)

5

The Court therefore granted Defendants' Motion to Compel and ordered Plaintiff to pay the reasonable expenses and attorney's fees that Defendants incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (*Id.*; docket no. 118 at 6.)

Pursuant to the Court's Order, Defendants have submitted a Bill of Costs seeking a total of $1,568.00 in attorney's fees for 8.6 hours of work.[1] (Docket nos. 125, 125-1). Plaintiff has not filed an objection.

### B. Attorney Fees Standard

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature

---

[1] Defendants' itemized billing summary lists the attorney fee total as $3,164.00; however, the sum of each line item totals $1,568.00. (*See* docket no. 125 at 2.)

and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

**C. Analysis**

*1. Reasonable Hourly Rates*

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation and internal quotation marks omitted). In assessing the "reasonable hourly rate," the court should assess the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Addock–Ladd*, 227 F.3d at 350.

Defendants' attorney, Melinda Balian, is a partner in the law firm of Foley & Mansfield, PLLP, located in Ferndale, Michigan. (Docket no. 123-1 ¶ 1.) She has been practicing law since

7

1997, and has been a partner at Foley & Mansfield since December 31, 2012. (*Id*. ¶¶ 1, 3.) Matthew Wise is an associate attorney in the law firm of Foley & Mansfield. (*Id*. ¶ 5.) He has been practicing law since March of 2013, and has practiced at Foley & Mansfield since August of 2016. (*Id*. ¶¶ 5, 7.) Defendants are billed at $190.00 per hour for the legal services of Attorney Balian and $160.00 per hour for the legal services of Attorney Wise. (*Id*. ¶¶ 4, 8.) Attorney Balian asserts that these hourly rates are reasonable because they are far below the average rates identified in the State Bar of Michigan's 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report for attorneys of similar experience and location. (*Id*. ¶¶ 9-11.)

The Court relies on the 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report, which was recently released by the State Bar of Michigan, is based on 2017 billing rate information, and is therefore more instructive than the 2014 Report regarding the hourly rates charged by Defendants' attorneys in this matter. The 2017 Report reveals the following:

- the median billing rate for non-equity partners at law firms in Michigan is $315.00 per hour;

- the median billing rate for associate attorneys at law firms in Michigan is $225.00 per hour;

- the median billing rate for attorneys with 16 to 25 years of experience in Michigan is $253.00 per hour;

- the median billing rate for attorneys with 3 to 5 years of experience in Michigan is $209.00 per hour;

- the median billing rate for attorneys at law firms in Oakland County, Michigan, south of M-59, is $275.00 per hour;

- the median billing rate for attorneys practicing in Wayne County, Michigan, or Oakland County, Michigan, is $250.00 per hour.

*See* 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (January 2018), *available at* https://www.michbar.org/file/pmrc/articles/0000153.pdf. Thus, it appears that an hourly billing rate between $250.00 per hour and $315.00 per hour is reasonable for Attorney Balian, and a rate between $209.00 per hour and $275.00 per hour is reasonable for Attorney Wise. The $190.00 and $160.00 hourly rates charged by Attorneys Balian and Wise, respectively, fall below these ranges and are therefore more than reasonable for purposes of this matter. Accordingly, it is recommended that Attorney Balian be afforded an hourly rate of $190.00 per hour and Attorney Wise be afforded an hourly rate of $160.00 per hour.

### 2. *Reasonable Number of Hours*

In determining whether the time spent on a matter constitutes a reasonable number of hours, the Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, No. 05-70110, 2011 WL 204750 at *4 (E.D. Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)).

a. <u>Defendants' Motion for Sanctions</u>

The Court has ordered Plaintiff to pay the reasonable attorney's fees and costs incurred by Defendants in attending Plaintiff's June 7, 2017 deposition and Defendant Otis's June 22, 2017 deposition and in filing the Motion for Sanctions. Defendants indicate in the associated Bill of Costs that Attorney Balian spent 21.2 hours on these tasks. (Docket no. 123.) Specifically, Defendants assert that Attorney Balian spent:

- 5.9 hours preparing for Plaintiff's deposition;
- 4.1 hours appearing for and conducting Plaintiff's June 7, 2017 deposition at the United States District Court for the Eastern District of Michigan;
- 5 hours drafting Defendants' Motion for Sanctions and Brief in Support thereof;
- 0.8 hours meeting with Defendant Otis, to prepare him for his deposition;
- 0.7 hours preparing for Defendant Otis's deposition;
- 0.8 hours attending Defendant Otis's deposition;
- 0.1 hours communicating to Plaintiff on the day of Defendant Otis's deposition, after Plaintiff failed to appear at the deposition;
- 0.3 hours drafting the Affidavit of Nicole Woods regarding the time of Defendant Otis's arrival and departure at his deposition and Plaintiff's failure to appear; and
- 3.5 hours drafting the Reply Brief in Support of Defendants' Motion for Sanctions.

(*Id*. at 2-3.) Defendants also assert that they incurred costs of $27.50 for the stenographer's attendance fee at Plaintiff's June 7, 2017 deposition and $166.80 for the transcript of Plaintiff's June 7, 2017 deposition. (*Id*. at 3.)

Having reviewed Defendants' Motion for Sanctions, the Response and Reply thereto, and the other documents related to this matter, *e.g.*, the transcript of Plaintiff's June 7, 2017 deposition and the Affidavit of Nicole Woods, the Court concludes that the costs incurred and the time spent by Attorney Balian in this regard are reasonable, with the exception of the time she spent preparing for, appearing for, and conducting Plaintiff's deposition and the time she spent drafting Defendants' Reply Brief. While Plaintiff's deposition did not proceed as ordered on June 7, 2017 because Plaintiff walked out of the deposition after sixteen minutes without any valid basis for doing so, his deposition did ultimately proceed on September 8, 2017. (*See*

docket no. 121 at 24.) Thus, the 5.9 hours spent by Attorney Balian in preparing for Plaintiff's June 2017 deposition was not all lost, as that preparation was necessary to proceed with Plaintiff's September 2017 deposition. Accordingly, the Court recommends reducing Attorney Balian's time spent preparing for Plaintiff's June 7, 2017 deposition by half, to 2.95 hours.

Next, with respect to the 4.10 hours spent by Attorney Balian in appearing for and conducting Plaintiff's June 7, 2017 deposition, the Court notes that the deposition itself lasted only 23 minutes, or approximately 0.4 hours. Specifically, Plaintiff's deposition was scheduled to commence at 10:00 a.m., Attorney Balian went on the record at 10:05 a.m. to note Plaintiff's failure to appear, Plaintiff appeared for his deposition at 10:06 a.m., he walked out of the deposition at 10:22 a.m., and the deposition concluded at 10:23 a.m. (*See* docket no. 72-3.) Attorney Balian fails to account for the other 3.7 hours that she purports to have spent on this matter. Even if the Court generously accords Attorney Balian 2 hours for travel time and other logistical matters related to the deposition, 1.7 hours remain unaccounted for. The Court therefore finds that the 4.1 hours assertedly spent by Attorney Balian is excessive and unreasonable and recommends reducing Attorney Balian's time spent in appearing for and conducting Plaintiff's June 7, 2017 deposition to 2.4 hours.

Lastly, the Court considers the amount of time spent on drafting and preparing Defendants' Reply Brief in Support of Defendants' Motion for Sanctions to be unreasonable. It is unclear whether the 3.50 hours assertedly spent includes Attorney Balian's time spent reviewing Plaintiff's Response to Defendants' Motion for Sanctions;[2] however, even if it does, the amount of time spent by such an experienced attorney drafting the relatively simple, eight-

---

[2] At first glance, it seemingly does, as the instant Bill of Costs does not include an entry for the time spent reviewing Plaintiff's Response; however, the Bill of Costs regarding Defendants' Motion to Strike contains a separate entries regarding the time spent reviewing Plaintiff's Response and the time spent drafting Defendants' Reply. (*Compare* docket no. 123 *with* docket no. 124.)

page brief is unsupported. 0It is therefore recommended that the 3.50 hours spent by Attorney Balian be reduced by half, to 1.75 hours. Consequently, the total time spent by Attorney Balian on matters related to attending Plaintiff's June 7, 2017 deposition and Defendant Otis's June 22, 2017 deposition and in filing the Motion for Sanctions should be reduced from 21.2 hours to 14.8 hours.

### b. Defendants' Motion to Strike Plaintiff's Expert Witness List

In Defendants' Bill of Costs regarding their Motion to Strike Plaintiff's Expert Witness List, Defendants indicate that Attorney Balian spent 0.2 hours drafting correspondence to seek concurrence from Plaintiff in the Motion,[3] 2.9 hours reviewing, revising, and finalizing the Motion, 0.5 hours reviewing Plaintiff's Response to the Motion, and 4.8 hours drafting Defendants' Reply Brief in Support of the Motion. (Docket no. 124.) The Court considers 2.9 hours to be somewhat high for purposes of reviewing and revising the 13-page Motion, but will not recommend a reduction of time in this instance, as it appears that Defendants inadvertently failed to seek fees for the time counsel spent drafting the Motion. The Court does, however, recommend that the 4.8 hours of time spent in drafting and completing Defendants' Reply Brief be reduced by half, to 2.4 hours, for the same reasons as stated above regarding Defendants' Reply Brief to their Motion for Sanctions. Accordingly, it is recommended that Defendants be awarded attorney's fees for 6 hours of legal services provided by Attorney Balian in relation to their Motion to Strike Plaintiff's Expert Witness List.

### c. Defendants' Motion to Compel

Defendants' counsel attests that Defendants incurred attorney's fees in the amount of $1,568.00 for 8.6 hours of work as a result of bringing their Motion to Compel Plaintiff's

---

[3] The Bill of Costs actually lists ".02" hours for this task, which the Court presumes is a typographical error based on the total fee asserted. (*See* docket no. 124 at 2.)

Answers to Defendants' First Interrogatories/Requests for Production of Documents, Defendants' Second Interrogatories/Request for Production of Documents, and Defendants' First Requests for Admission. (Docket no. 125.) Specifically, the Bill of Costs indicates that Attorney Wise spent 1.8 hours drafting the Motion and 0.4 hours finalizing the Motion and compiling its exhibits for filing with the court. Attorney Balian indicates that she spent a total of 6.1 hours reviewing Plaintiff's Answers to Defendants' discovery requests and drafting, reviewing, and revising the Motion to Compel. She also attests that she spent 0.3 hours drafting and sending correspondence to Plaintiff, through which she asked him to cease and desist direct contact with certain named and represented parties in this matter and sought his concurrence in the Motion to Compel. While the underlying discovery matter was a routine, straightforward issue regarding whether Plaintiff's discovery responses complied with the Federal Rules of Civil Procedure; the Court finds that the time spent by Attorneys Wise and Balian on the Motion to Compel was reasonable, considering the sheer volume of discovery requests at issue and the tedious nature of the work required to parse through those requests and properly address them in the 29-page Motion and its 11 exhibits. Defendants should be awarded attorney's fees related to their Motion to Compel for their asserted time spent as requested.

### 3. *Lodestar Calculation*

Based on the above analysis, the Lodestar calculation is as follows:

Defendants' Motion for Sanctions:
    Attorney's Fees: 14.8 hours x $190.00 per hour = $2,812.00
    Costs: $194.30

Defendants' Motion to Strike:
    Attorney's Fees: 6 hours x $190.00 per hour = $1,140.00

Defendants' Motion to Compel:
    Attorney Balian: 6.4 hours x $190.00 per hour = $1,216.00
    Attorney Wise: 2.2 hours x $160.00 per hour = $352.00

Total Attorney's Fees and Costs: $5,714.30.

### D. Conclusion

For the reasons stated herein, it is recommended that $5,520.00 in attorney's fees and $194.30 in costs, for a total of $5,714.30 be awarded to Defendants, payable by Plaintiff to Defendants' counsel within twenty-one (21) days.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  April 9, 2018                              s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 9, 2018                               s/ Leanne Hosking
                                                   Case Manager