UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SIN DE UN ABDUL BLUE,

        Plaintiff,                        Case No. 16-cv-10526
vs.                                            HON. MARK A. GOLDSMITH

CITY OF RIVER ROUGE, et al.,

        Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED APRIL 9, 2018 (Dkt. 132), (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 133), (3) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S RECOMMENDATION DATED MAY 30, 2018 (Dkt. 137), (4) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 138), (5) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 126), AND (6) DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 110)**

This matter is before the Court on two Reports and Recommendations ("R&R") of Magistrate Judge Mona K. Majzoub, which recommend: (1) ordering Plaintiff to pay Defendants' counsel attorney fees in the amount of $5,520.00 and costs in the amount of $194.30 within twenty-one days, see 4/9/2018 R&R (Dkt. 132); and (2) granting Defendants' motion to dismiss pursuant to Fed. R. Civ. P 37(b)(2)(A)(v) (Dkt. 126), and granting in part and denying in part Defendants' motion for summary judgment (Dkt. 110), see 5/30/2018 R&R (Dkt. 137). Plaintiff Sexual Sin de un Abdul Blue, proceeding pro se, filed objections to both R&Rs (Dkts. 133, 138), and Defendants Copeland, Miller, Mitchell, and Otis filed responses (Dkts. 136, 139). For the following reasons, the Court adopts the first R&R regarding attorney fees and costs, and adopts the second R&R in part, insofar as it recommends granting Defendants' motion to dismiss and dismissing this matter in its entirety.

1

# I. BACKGROUND

The factual background surrounding this matter has been set forth in depth in the May 30, 2018 R&R and need not be repeated here. The procedural history, however, is relevant to both of the instant R&Rs.

On November 15, 2017, Magistrate Judge Majzoub held a hearing on, among other motions, Defendants' motion to compel answers to discovery (Dkt. 104). In her November 17, 2017 Order following the hearing, the magistrate judge granted Defendants' motion, specifically ordering Blue to "provide full and complete responses (including the production of documents) without further objection to Defendants' First and Second Sets of Interrogatories and Requests for Production within twenty-one (21) days of this Order," and "pay the reasonable expenses and attorney's fees incurred by Defendants as a result of bringing the instant Motion." 11/17/2017 Order at 6, PageID.2821 (Dkt. 118). She also ordered Blue to pay the reasonable attorney fees and costs incurred by Defendants in attending certain depositions and in filing their motion for sanctions (Dkt. 72), id. at 4, PageID.2819, and granted Defendants' oral motion that Blue pay the attorney fees and costs incurred by Defendants in filing their motion to strike (Dkt. 83), id. at 5, PageID.2820.

Magistrate Judge Majzoub admonished Blue for his failure to follow the Federal Rules of Civil Procedure, noting that many of the motions addressed at the hearing "would have been avoided had Plaintiff exercised a modicum of knowledge and compliance with the Rules." Id. at 3, PageID.2818. Her order included the following language:

> Plaintiff must review, learn, and adhere to the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules (including the Electronic Filing Policies and Procedures) before proceeding with any future filings in this matter. Plaintiff's failure to comply with the Rules going forward will result in sanctions pursuant to Federal Rule of Civil Procedure 11 and Local Rule 11.1,

> which sanctions may include the striking of pleadings, monetary sanctions, and dismissal of Plaintiff's case.

Id. at 6-7, PageID.2821-2822. Blue did not file an objection to this order.

Defendants timely filed Bills of Costs itemizing the fees and expenses incurred (Dkts. 123-125). They later filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2) (Dkt. 126), arguing that Blue had failed to provide full and complete responses to Defendants' discovery requests <u>without further objection</u>, in violation of the November 17, 2017 Order. Specifically, Defendants claimed that although Blue provided revised answers to their interrogatories and requests for production, he objected repeatedly and did not produce a single document. Def. Mot. to Dismiss at 3-4, PageID.2915-2916.

Magistrate Judge Majzoub issued an R&R recommending that Defendants be awarded attorney fees in the amount of $5,520.00 and costs in the amount of $194.30, payable by Plaintiff to Defendants' counsel within twenty-one days. She later issued a second R&R recommending that Defendants' motion to dismiss be granted.

## II.   STANDARD OF REVIEW

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); <u>Massey v. City of Ferndale</u>, 7 F.3d 506, 509 (6th Cir. 1993). The district judge shall consider the party's objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Ford Motor Co. v. United States</u>, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009).

For dispositive motions, the Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>Alspaugh v.</u>

3

McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

### III. ANALYSIS

#### A. Attorney Fees and Costs

Blue filed two objections to the R&R that appear nearly identical and consist of conclusory allegations that Magistrate Judge Majzoub's decision was an abuse of discretion, because the R&R failed to consider some twenty-five filings made by Blue over the course of this litigation. See generally Pl. Objs. (Dkts. 133, 134). After the deadline for filing objections had passed, Blue filed an "amended motion," which contains an assortment of citations to case law regarding discovery sanctions. See generally Pl. Supp. Obj. (Dkt. 135).

Blue's objections do not comply with this District's Local Rules, which require that objections "specify the part of the order, proposed findings, recommendations, or report to which a person objects; and state the basis for the objection." L.R. 72.1(d)(1)(A)-(B).[1] The "objections" are, at best, generalized and vague; they do not explain how the magistrate judge abused her discretion or why she should have considered the referenced filings. "The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object." Drew v. Tessmer, 36 F. App'x 561, 561 (6th Cir. 2002).

---

[1] Nor do they comply with the directions set forth in Magistrate Judge Majzoub's R&R: "Any objections must be labeled as 'Objection #1,' 'Objection #2,' etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains." 4/9/2018 R&R at 14, PageID.3163 (emphasis in original).

4

"[O]bjections must be clear enough to enable the district court to discern those issue that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Accordingly, any objection Blue has to the April 9, 2018 R&R is overruled, and the R&R is adopted. Defendants are awarded attorney fees in the amount of $5,520.00 and costs in the amount of $194.30, payable by Blue to Defendants' counsel within twenty-one days.

**B. Motion to Dismiss**

Blue's objections to the second R&R fare somewhat better, in that he has set forth specific "issues" with the R&R. However, he still fails to specify which of the magistrate judge's conclusions he finds objectionable, instead offering generalized statements that the magistrate judge's decision was incorrect. He also filed his objections a day late. The Court will nonetheless address the first two issues, which pertain to the magistrate judge's recommended grant of Defendants' motion to dismiss. Because the Court finds the objections to be meritless, it grants the motion to dismiss and denies the motion for summary judgment as moot. Because Blue's third objection relates to the motion for summary judgment, the Court need not consider it.

    **i.    Objection One: "Magistrate recommends dismissal based upon discovery violations"**

In his first objection, Blue alleges that Magistrate Judge Majzoub's opinion that he has failed to provide discovery is a "blatant cover up" of all of his own discovery objections. Pl. Obj. at PageID.3228 (Dkt. 138). Essentially, he claims that Defendants engaged in improper discovery and refused to adequately answer his requests. Id. Blue claims that by punishing him but not Defendants, the magistrate judge employed a "double standard[]." Id. at PageID.3233.

Defendants' conduct regarding discovery has no bearing on the fact that Blue failed to follow the magistrate judge's November 17, 2017 order. If Blue felt that the information sought by Defendants was improper, he had multiple opportunities to raise such objections: in response

5

to Defendants' motion to compel (he did not file any); at the hearing before Magistrate Judge Majzoub (he did not raise any questions or comments on the oral ruling when prompted, see 11/15/2017 Hr'g Tr. at 48, PageID.2883 (Dkt. 121)); or by filing a written appeal of the November 17, 2017 Order. It was <u>not</u> appropriate for him to repeatedly object to the discovery requests, in clear violation of Magistrate Majzoub's order.

Similarly, if Blue felt that Defendants were not adequately responding to his discovery requests, he should have filed a motion to compel.[2] Failure to follow the magistrate judge's order was not an option.

Accordingly, this objection is overruled.

### ii. Objection Two: "Dismissal of the Complaint"

In his second objection, Blue states simply that dismissal of a complaint is "frowned upon" by the Sixth Circuit, quoting extensively from <u>Carver v. Bunch</u>, 946 F.2d 451 (6th Cir. 1991).

To the extent that this can be considered an appropriate objection, it is overruled. In <u>Bunch</u>, the defendants had filed a motion to dismiss the complaint, and the pro se plaintiff did not file a response. The district court's local rule stated that "[a]n opposing memorandum must be filed within fifteen (15) days from the date of service of the motion . . . . Failure to file an opposing memorandum may be grounds for granting the motion." 946 F.2d at 453. The district court granted the defendants' motion and dismissed the complaint solely because the plaintiff did not respond to the motion to dismiss. The Sixth Circuit concluded that this was an abuse of discretion, noting that dismissal of an action for failure to prosecute under Federal Rule 41(b) should only be ordered when there is "a clear record of delay or contumacious conduct by the plaintiff." <u>Id.</u> at

---

[2] Blue has filed three motions to compel over the course of the litigation, <u>see</u> Dkts. 28, 29, and 105, none of which concerns the adequacy of Defendants' responses to his requests for production. Yet Blue quotes these responses at length in his objection. <u>See</u> Pl. Obj. at PageID.3229-3233.

6

454 (quoting Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980)). The court also stated that there was "no evidence that [the plaintiff] had repeatedly failed to adhere to the court's procedural rules[,]" id., and noted that in the absence of notice to a plaintiff that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the plaintiff has engaged in bad faith or contumacious conduct, id. (citing Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988)).

Magistrate Judge Majzoub's recommendation of dismissal does not run afoul of Bunch. Blue's repeated failures to follow the Federal Rules of Civil Procedure and the Local Rules of this District are well-documented, as are Magistrate Judge Majzoub's warnings to Blue about the consequences of his actions:

- On June 6, 2017, the magistrate judge declined to issue monetary sanctions against Blue, but nonetheless "remind[ed] Plaintiff that despite his status as a pro se litigant, he must familiarize himself with and follow the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan. Failure to follow these rules or communicate with defense counsel in good faith during the discovery process may result in sanctions." 6/6/2017 Order at 6, PageID.955 (Dkt. 71).

- On July 6, 2017, Magistrate Judge Majzoub entered a text-only order striking one of Blue's filings because it violated Rule 5(f) of the Electronic Filing Policies and Procedures. Nonetheless, "two weeks later, Plaintiff filed a document that suffered from the same deficiency as the one stricken. (Docket no. 85.)" 5/30/2018 R&R at 18, PageID.3216 (Dkt. 137).

- On November 17, 2017, the magistrate judge imposed monetary sanctions against Blue and issued an order requiring him to "review, learn, and adhere to the Federal Rules of

7

Civil Procedure and the Eastern District of Michigan's Local Rules (including the Electronic Filing Policies and Procedures) before proceeding with any future filings in this matter." 11/17/2017 Order at 6, PageID.2821. She warned him that a "failure to comply with the Rules going forward will result in sanctions pursuant to Federal Rule of Civil Procedure 11 and Local Rule 11.1, <u>which sanctions may include the striking of pleadings, monetary sanctions, and dismissal of Plaintiff's case</u>." Id. at 6-7, PageID.2821-2822 (emphasis added).

Thus, Magistrate Judge Majzoub concluded in her May 30, 2018 R&R that Blue's conduct in failing to fully respond to Defendants' discovery responses – in defiance of her November 17, 2017 Order – "is a reflection and continuance of the uncooperative and disobedient behavior and abuse of the legal process, i.e., contumacious conduct, that Plaintiff has exhibited throughout this litigation." 5/30/2018 R&R at 16-17, PageID.3214-3215.

This is not a case where a single violation of the Local Rules led to dismissal of a pro se plaintiff's complaint. Rather, Blue has repeatedly flouted the Federal Rules and the Local Rules, despite orders from Magistrate Judge Majzoub that he familiarize himself with them and several warnings about the consequences of a failure to do so. It is clear that lesser sanctions did not act as a deterrent. The recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) does not violate Bunch.

Accordingly, this objection is overruled.

## IV.    CONCLUSION

For the reasons stated, the Court accepts the Magistrate Judge's recommendation dated April 9, 2018 (Dkt. 132), accepts in part the Magistrate Judge's recommendation dated May 30, 2018 (Dkt. 137), and overrules Plaintiff Sexual Sin de un Abdul Blue's objections thereto (Dkts.

8

133, 138). Defendants' motion to dismiss (Dkt. 126) is granted, and Defendants' motion for summary judgment (Dkt. 110) is denied as moot. Blue is ordered to pay Defendants' counsel attorney fees in the amount of $5,520.00 and costs in the amount of $194.30 within twenty-one days. This case is dismissed in its entirety.

    SO ORDERED.

Dated: August 23, 2018          s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2018.

                 s/Karri Sandusky
                     Case Manager