UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SI DE UN ABDUL BLUE

        Plaintiff,                    Case No. 16-cv-10526
                                                   HON. MARK A. GOLDSMITH

vs.

CITY OF RIVER ROUGE, et al,

        Defendants.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION & ORDER (1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED APRIL 9, 2018 (Dkt. 132), (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 133), (3) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S RECOMMENDATION DATED MAY 30, 2018 (Dkt. 137), (4) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 138), (5) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 126), AND (6) DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 110)**

COMES NOW, the Plaintiff, and for his Motion for reconsideration of "OPINION & ORDER (1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED APRIL 9, 2018 (Dkt. 132), (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 133), (3) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S RECOMMENDATION DATED MAY 30, 2018 (Dkt. 137), (4) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 138), (5) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 126), AND (6) DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 110) upon the following law and factual grounds:

        EXHIBIT A.................PLAINTIFF'S AFFIDAVIT iN SUPPORT OF FRCP 59 MOTION
        EXHIBIT B................QUINTON JONES AFFIDAVIT IN SUPPORT FRCP 59 MOTION

THIS MOTION ODS BROUGHT FORWARD UNDER FRCP 59 WHICH PROVIDES:

        a) IN GENERAL.

        (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

        (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) TIME TO FILE A MOTION FOR A NEW TRIAL. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) TIME TO SERVE AFFIDAVITS. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FRCP 59

**PATTERN OF CONDUCT OF PLAINTIFF'S THAT SUBVERTS JUSTICE**

The Plaintiff was brutally assaulted and arrested by the River Rouge Police Department for trespassing on his own property. The Plaintiff was then assaulted by the River Rouge Police Department again at a June 17, 2017 Deposition. This court has refused to allow this Plaintiff a day in court based upon a procedural technicality which was wholly made up by the Defense counsel who makes up discovery issues that have no bearing on the case at bar. This court clearly condones police brutality and the police state by refusing to allow a deprived person their day in court. The only remedy for this terrible injustice at the hands of local authority is this court, yet, inexplicably, this court looks for a way to

condone the injustice by dismissing this case without regard for addressing the underlying problem. {The court goes to great lengths to ignore the facts that clearly demonstrate that the counsel for the Defendants used discovery as a weapon to get this case dismissed; Counsel for the defense refused to provide documentation stating in all her answers to discovery that the requested documentation was objectionable. Counsel for the defense providing false documentation in submitting false deeds to the court regarding ownership of the property. Counsel for the defense refused to answer Plaintiff's discovery, yet inexplicably, the court through the magistrate wholly ignores the Plaintiff Pro Se's objections. Even ignoring the assaulting the Plaintiff at deposition. But it goes even deeper than that. Counsel for the Defense baited the Plaintiff with false allegations, fake checks and completely erroneous allegations that had nothing to do with the merits of the case. Now the Plaintiff is stuck chasing down every false assertion propagated by the Defense in this case. It's impossible without 200 hours of solid time to chase down all the falsehoods put forward by the Defense.

It has become clear that a double standard has been employed by the District court to hold the Plaintiff-Pro Se to a higher standard of ethical conduct than the Defendant whom is represented by counsel. From the beginning of this case, counsel for the Defendants, Officer Otis and River Rouge police Department have employed a strategy to concentrate on discovery violations instead of the merits of the case. Given the fact that Officer Otis is a very violent police officer with multiple complaints against him it is no surprise that counsel for the defense wants to avoid the merits of the case. What follows is a myriad of discovery violations committed by the Defendants in this case, to wit:

The court mentions in their analysis of Blues objections,. To wit:

> "Blue filed two objections to the R&R that appear nearly identical and consist of conclusory allegations that Magistrate Majoub's decision was an abuse of discretion, because the R&R failed to consider some twenty-five filings made by Blue over the course of this litigation. See 8-23-2018 Opinion and Order, p.4

The court goes on to state all the reasons why Blue's (The Plaintiff's Motions) Motions were defective. What the court fails to realize is that until the August 23, 2018 decision, the Plaintiff's Motions and

attempts to petition this court for relief have been completely ignored. The Plaintiff is asked irrelevant discovery questions that have been asked and answered and the Plaintiff still gets cited with "BOGUS" discovery violations.

The court has allowed the Plaintiff's protestations to remain in the record with no possibility for relief. The Plaintiff was assaulted by the same officer who falsely beat and arrested him at a deposition and this court refused to hear any motion for a protective order despite the Plaintiff filing a sworn affidavit attesting to the assault.

All the questions that the defense was requesting in their discovery motion which the magistrate had ordered Plaintiff answer without objections was addressed at the disposition on September 8 of 2013 please (see pages (6) and(7) and page (8) questions 4-25 and page(9) through (16) and page (28) questions 16 and 19, and page (41) question 9, and page 57 questions 19 and 22, and page 62 question (13), and page 68, and page (71) questions 14-15 and page (72) question 1-7, and page (73) questions 13-19, and page (75) I should not had been under to do something that I had already did under oath. The magistrate allegations that Plaintiff never asked the defense to f concur prior to filing motions is not only is untrue but a deliberate lie. There was never a Motion filed on this issue. This was brought to the Magistrates,Mona K Majzour, attention by the defense in a ex-parte hearing out side of Plaintiff's presence. Dismissing a case because of alleged discovery violation is a denial of due process:

> Like the district court, we prefer that adjudications be driven by the merits of a case rather than the neglect of counsel. See Malot, 478 F.3d at 43 (recognizing a "strong presumption in favor of deciding cases on the merits"); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) (citing HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 917 (1st Cir. 1988)) (recognizing the "salutary policy favoring the disposition of cases on the merits"). As the district court implicitly recognized, though, at some point this preference takes a backseat to the important goals of maintaining a fair and orderly adversarial process. Even schoolchildren know that changing the rules mid-course to benefit someone who flouted them creates subtle and even substantial risks of unfairness. Such changes increase uncertainty, introduce delay, raise costs, and invite further violations by others. Our case law evidences these competing considerations. On the one hand, "dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." Young, 330 F.3d at 81 (citing Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988)); see also Esposito v. Home Depot U.S.A.,

      Inc., 590 F.3d 72, 79 (1st Cir. 2009) (finding dismissal inappropriate where the district court levied "a fatal sanction for a single oversight"); Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006) (reversing dismissal

The court ignored the Plaintiff's objection to the magistrates May 30, 2018 Recomendation which is preserved as follows:

**ISSUE I : MAGISTRATE RECOMMENDS DISMISSAL BASED UPON DISCOVERY VIOLATIONS**

The Magistrate has come to the opinion that the Plaintiff has failed to provide discovery which is a blatant cover up of all the Plaintiff's objections to discovery. The Defendants asked for a ton of documentation that the Defendant cannot provide, to wit,

    The defendant sought information about the plaintiff medical records from December, 20 of 1961 until the present date of June 7 of 2017, the defendant's also seeks information from any and all law suits that the plaintiff may had filed within the past 40 years. Checks allegedly written to the Plaintiff years ago all this in an attempt to insure the Plaintiff's non-compliance because no-one would have these records.

The Plaintiff complained by Motion, Objection and otherwise and some of the requests were public information as the defendant has noted in the transcripts of the deposition and in his answers to discovery. Indeed much of Defendant's discovery seemed to be proffered for harassment purposes as opposed to legitimate discovery. The plaintiff also argues that not only is this harassment. It has no relevance to the case at bar.

    "If a proposed Rule 30(b)(6) topic is irrelevant, it may constitute an undue burden sufficient for a protective order." "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." The defendants makes conclusory statements about relevance without providing a more detailed explanation as to why these topics should be relevant.

The defendant also seeks the number of computers that the plaintiff owned as well as the number of cell phones that the plaintiff has owned in the past 53 years as well as the phone numbers and the name of the carrier. No one keeps such information yet, inexplicably this is part of the non compliance with discovery.

The Magistrate admonishes the Plaintiff for discovery violations while taking no notice of the fact that the Defendant's refused all discovery requests from the Plaintiff. What follows are Defendant's responses to Plaintiff's second set of requests for production which were all designed to explore the sources of Officer Otis's second sworn declaration which established probable cause through the River Rouge Building Department which allegedly told Officer Otis that the Plaintiff did not own the property he was arrested for trespassing upon, to wit:

"Request No. 1

*              Produce all documents and things regarding any prior dishonesty complaints or Misconduct of Edward Otis since been employed as a police officer or Sgt. for the City of River Rouge Police department

**"Defendant's" RESPONSE:**
**Defendants object to this request to the extent that it does not comply with FRCP 34 which requires Plaintiff to designate the documents he is requesting; Plaintiff's request for "things" fails to comply with FRCP 34. Further, Defendants object to this response as overly broad and unduly burdensome both in time frame and subject matter, and as such, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that this request appears to be directed to the City of River Rouge which is no longer a Defendant in this action, and as such, this request is improper, and those documents which are identified, if they do exist, are not in the possession, custody or control of Defendant Otis.**

Request No. 2

Produce the probable cause certificate or affidavit made by Officer Otis filed with the court used to establish probable cause for the arrest of Sexual Blue on or about April 1 of 2013. For trespassing, at 50 Orchard Street in the City of Ecorse By officer Otis of the River Rouge Police Department

**"Defendant's" RESPONSE:**
**Defendants object to the extent that this request appears to be directed to the City of River Rouge which is no longer a Defendant in this action, and as such, this request is improper, if they do exist, are not in the possession, custody or control of Defendant Otis. Subject to and without waiving said objections, no such documents exist as a warrant was not required as stated previously.**

Request No. 3

Produce the name of the City employee, employed by the City of River Rouge Code department also known as building in safety that Edward Otis, allege to have spoken with on the date of March 31 of 2013 as stated in his unswornn declaration. And, whom had told Edward Otis that the Plaintiff Sexual Sin De Un Abdul Blue was not the owner of 50 Orchard Street in the City of Ecorse.

**"Defendant's"** RESPONSE
**Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting. This is an inappropriate document request.**

**Request No. 4**

Produce the telephone number that Edward Otis called on March 31 of 2013, to reach the City of River Rouge code violation department also known as the building and safely department as allege in the unsown declaration of Edward Otis.

**"Defendant's"** Response

**Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting. This is an inappropriate document request.**

Request No. 5

Produce the phone numbers and the names and employee ID numbers of any and all employees that were working or on call with the City Code Violation Department/Building and safety department for the City of River Rouge on the date of March 31, of 2013.

**"Defendant's" Response**

**Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting. Defendants further object to the extent that this request appears to be directed to the City of River Rouge which is no longer a Defendant in this action, and as such, this request is improper. This is an inappropriate document request.**

Request No. 6

Produce all cell phone numbers to cell phones owned by Edward Otis or that were in his control on the date of March 31 of 2013, and the name of the cell phone providers to any cell phone owned by Edward Otis or in his control on the date of March 31 of 2013

**"Defendant's"** Response

**Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting. This is an inappropriate document request.**

Request no. 7

Produce the name and the Phone number to all insurance company provider for the City of River Rouge.

**"Defendant's" Response**

**Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting. This is an inappropriate document request.**

Request No. 8

Produce ANY and all CIVIL COMPLAINTS filed against Officer Otis while employed with the City of River Rouge Police department between the dates of Jan 1 of 1999 thought the date of April 02 of 2016.

**"Defendant's"** Response

**Defendants object to this request as Defendants are unsure what Plaintiff is referring to by "Civil Complaints". Defendants further object to the extent that this request appears to be directed to the City of River Rouge which is no longer a Defendant in this action, and as such, this request is improper. If Plaintiff is referring to civil actions filed against Defendant Otis in a court of law in his capacity as a police officer while employed with the City of River Rouge, Defendants object to this request as said documents are not in the possession, custody or control of the remaining Defendants (if they exist). Defendants further object as said request as overly broad and unduly burdensome both in time frame and subject matter, and as such, the requested information is not reasonably calculated to lead to the discovery of admissible evidence. However, subject to and without waiving said objections, if such documents exist, they are public record and available to Plaintiff.**

Request No. 9

Produce all communications recording audio related to the arrest of Sexual Blue on April 1 of 2013 include all rover and tactical and 911 audio recording.

**"Defendant's"** Response

**Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting, and although Plaintiff has listed many words, said request is non-sensical. Defendants further object to this request as it appears to be directed to the City of River Rouge which is no longer a party to this action, and further, any 911 recordings, if still in existence, are not in the possession, custody or control of the remaining Defendants. Subject to and without waiving said objections, the agent who provides incoming and outgoing call services for the City of River Rouge Police Department typically does not maintain said recordings beyond one year.**

Request No. 10

Produce the log book for the date of April 1 of 2013 and the date March 31 of 2013 used by Edward Otis.

**"Defendant's"** Response

> `        **Defendants object to this request as it does not comply with Fed. Rule Civ. Proc. 34 which requires a party to designate the documents he is requesting, specifically it is vague as there are a number of log books used by the River Rouge Police Department. Defendants further object to this request as it appears to be directed to the City of River Rouge which is no longer a party to this action, and the requested information is not in possession, custody or control of the remaining Defendants. Subject to and without waiving said objection, please see attached."**
> <u>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

The Plaintiff was stone-walled on all Discovery attempts. The Plaintiff went to a deposition and was sandbagged when the arresting officer attended the deposition and the Officer threatened, intimidated and even kicked the Plaintiff under the deposition table. To put this in context; this is the officer who assaulted \and arrested the Plaintiff on his own property. The Plaintiff is scared to death of Officer Otis and counsel for the Defendants knew that. This discovery violation precludes sanctions.

In conclusion there was no attempt by the court to investigate these matters just to punish the Plaintiff. The double standard is plain to see.

> The Court has the power to dismiss a complaint under Rules 37 and 41 of the Federal Rules of Civil Procedure. Rule 37 permits a court to dismiss a lawsuit when a party fails to comply with a discovery order, including an order to attend a pretrial discovery conference. Fed. R. Civ. P. 37(b)(2)(A)(v); 26(f). Such a dismissal "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). Similarly, Rule 41(b) allows a court to dismiss a complaint when the plaintiff has failed to comply with a court order. The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." Shavers v. Bergh, 516 F. App'x 568, 569 (6th Cir. 2013)(citing Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)).
>
> The Sixth Circuit uses a four-factor test to consider dismissal under Rule 41(b) or Rule 37(b)(2)(A). See Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990) (setting out the four-factor test).[2] Dismissal is appropriate when: (1) the plaintiff acted with willfulness, bad faith, or fault; (2) the violation prejudiced the defendant; (3) the plaintiff had been warned that her conduct could lead to extreme sanctions; and (4) less drastic sanctions were previously imposed or considered. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass, 71 F.3d at

> 241; Bank One of Cleveland, 916 F.2d at 1073. No single factor is dispositive. Knoll, 176 F.3d at 363.  **Alley v. VITAL ONE HEALTH PLAN**, Dist. Court, MD Tennessee 2016

The Plaintiff has done everything in his power to comply with discovery. He does not have the requested information which is not dispositive of the case . The Plaintiff is ready for trial. The Plaintiff can proceed without an expert and prove the elements of his case. Even though the Plaintiff has been denied discovery the inconsistencies and admissions made by the defense in this case create a set of facts which when proven will give relief to this Plaintiff.

### ISSUE II : DISMISSAL OF THE COMPLAINT

Dismissing the complaint is frowned upon by the sixth circuit and the case of Carver v. Bunch (id) a case predicated on 42 USC 1983 like the case at bar enunciates the standard, to wit:

> 54 In interpreting the district court's authority under Rule 41(b) to dismiss a party's action for a failure to prosecute or comply with a court order, this court has frequently cautioned that such a dismissal "is a harsh sanction which the court should order only in extreme situations showing `a clear record of delay or contumacious conduct by the plaintiff.'" *Carter v. City of Memphis, Tennessee,* 636 F.2d 159, 161 (6th Cir.1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir.1978)). *See also* Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986)(dismissal requires a "degree of willfulness, bad faith or contumacious conduct"); *Patterson v. Township of Grand Blanc,* 760 F.2d 686, 688 (6th Cir.1985); *Holt v. Pitts,* 619 F.2d 558, 562 (6th Cir.1980). However, in *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988), this court, after reviewing a number of earlier decisions from this circuit, concluded that [f]rom these cases we extract the principle that in absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."

> *See also* Schilling v. Walworth County Park & Planning Commission, 805 F.2d 272, 276-77 (7th Cir.1986) (district court should warn *pro se* litigants of possible consequences of neglect if it intends to sanction with dismissal). As these cases make clear, the district court was not permitted under Rule 41(b) to dismiss Carver's complaint in this case.

> An interpretation of the Local Rule 6(b)(1)(A) which permitted a district court to dismiss a plaintiff's action merely for failing to respond to another party's motion would, at a minimum, expand the district court's authority over that which it possesses under Rule 41(b) of the Federal Rules of Civil Procedure. *See* J.F. Edwards

Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1323 n. 6 (7th Cir.1976) ("Unless the violation of a local rule constitutes failure to prosecute, Rule 41 does not provide for dismissal for violation of a local rule."). We simply cannot conclude that Carver's failure to respond to the defendants' motion to dismiss, standing alone, amounted to a failure to prosecute. The record contains no evidence that Carver had repeatedly failed to adhere to the court's procedural rules. To the contrary, the record reflects that Carver did timely respond to the district court's April 19 order by filing an amended complaint within the deadline. Furthermore, Carver sought an extension in order to file objections to the magistrate's report, which, although ultimately denied, evidences a respect on Carver's part for the court's procedural rules.

Our decision in this case is further supported by the overall structure of the Federal Rules. As the Supreme Court has repeatedly held, "`The Federal Rules [] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 319-320, 108 S.Ct. 2405, 2410, 101 L.Ed.2d 285 (1988) (Brennan, J. dissenting) (quoting *Foman v. Davis,* 371 U.S. 178, 181-182, 83 S.Ct. 227, 229-230, 9 L.Ed.2d 222 (1962)). *See also* Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 1. Additionally, under Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Although subsequent Supreme Court cases have redefined the movant's initial burden, *see, e.g.,* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. *See* Celotex, 477 U.S. at 325, 106 S.Ct. at 2553; *Street v. J.C. Bradford,* 886 F.2d 1472, 1479 (6th Cir. 1989). More importantly for all purposes, 455*455 the movant must always bear this initial burden regardless if an adverse party fails to respond. *Adickes,* 398 U.S. at 161, 90 S.Ct. at 1610; *Kendall v. Hoover Co.,* 751 F.2d 171, 173-174 (6th Cir.1984); *Felix v. Young,* 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In essence, the court's inquiry under either 12(b)(6) or 56(c) is identical, with the most significant difference being the type of evidence the court considers in reaching its decision.

> Our conclusion in this case is not meant to impair the district court's authority to dismiss a plaintiff's action under Rule 41(b) for a failure to prosecute. We merely conclude that on the record before us, the district court abused its discretion in dismissing Carver's complaint solely for his failure to respond to defendants' motion to dismiss.
>
> Therefore, for the above stated reasons, we reverse the judgment of the district court and reinstate Carver's complaint. Apart from noting that Carver's complaint does state a cause of action under § 1983, we express no opinion as to the underlying merits of this action. Carver v. Bunch, 946 F. 2d 451 - Court of Appeals, 6th Circuit 1991

**ISSUE III: MAGISTRATE RECOMMENDS SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT'S**

The Defendant has a plethora of evidence including MULTIPLE AFFADAVITS from the Defendants which contradict one another and create material issues of fact precluding summary judgment. The Plaintiff also has his affidavit on file which demonstrates that material issues of fact exists in this case, Indeed the affidavits provided in the record demonstrate material issues of fact when juxtaposed with the Police report and the Transcripts on the record.

> We review the district court's denial of summary judgment *de novo,* using the same Rule 56(c) standard as the district court. *See White v. Baxter Healthcare Corp.,* 533 F.3d 381, 389 (6th Cir.2008); *Williams,* 186 F.3d at 689. Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no `genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).
>
> At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, however, the moving party may meet its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. When the moving party has

carried this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.*; Fed.R.Civ.P. 56(e)(2).

After the parties have presented their evidence, "the judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. In evaluating the evidence, the court must draw all inferences in the light most favorable to the nonmoving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. **Moldowan v. City of Warren**, 573 F. 3d 309 - Court of Appeals, 6th Circuit 2009

In the case at bar there are material issues of fact with respect to the evidence proffered by the Defendant's. No less than three affidavits prove this:

### THE ONLY FACTS THAT THE PARTIES CANNOT DISPUTE

a. THAT the Plaintiff had a recorded quit claim deed dated May 15, 2012 which demonstrates that the Plaintiff had legal title and possession of 50 Orchard Street under color of title.

b. THAT in March of 2013 the Plaintiff lawfully availed himself of the eviction process in the 25th District court for the purpose of evicting Jennifer Gondnokey from 50 Orchard Street located in Ecorse, Michigan.

c. THAT prior to November, 2013 no one had ever complained to anyone including Officer Otis that the Plaintiff was not the lawful owner of the property located at 50 Orchard Street located in Ecorse, Michigan.

d. THAT on March 22, 2013 judgment from the Michigan 25th District Court only required Plaintiff to obtain a writ of eviction if the tenant, Gondenoky, failed to pay rent or surrender the apartment by April 30, 2013.

e. THAT on March 28, 2013 the Plaintiff and the tenant, Gondenoky, entered an agreement for her to surrender the property located at 50 Orchard Street located in Ecorse, Michigan.

f. THAT on or about March 31, 2013 the Plaintiff had contact with Officer Otis of the River Rouge Police Department at 50 Orchard Street located in Ecorse, Michigan.

g. THAT on April 1, 2013 the Plaintiff was arrested by the Defendants, Officer Otis and the River Rouge Police Department for trespassing upon 50 Orchard Street located in Ecorse, Michigan.

THAT the Defendant spent 11 days in jail.

h. THAT the charge of trespassing was eventually dismissed.

THAT the underlying case ensued. alleging false arrest and deprivation of the Plaintiff's federal civil rights pursuant to federal law.

## ARGUMENT

The Defendants assertion of facts are inconsistent, changing and designed to lead this court to a conclusion instead of telling the truth, therefore, the court must analyze under the first prong of the test being hypercritical of Defendant Officer Otis's inconsistent statements, to wit:  In Officer Otis's first declaration given on August 4, 2016 he states that he consulted with the River Rouge Building Department on March 31, 2013, which happened to be a Sunday, to determine if the Plaintiff owned the property and Officer Otis goes on to state that the Building department told him that the Plaintiff did not own the property so therefore he believed he had probable cause to believe  that the Defendant was trespassing. His August 4, 2016 declaration is devoid of a complaint from the owner or occupant of the property; His August 4, 2016 declaration is devoid of probable cause and is negative pregnant with Officer Otis's animus towards the Plaintiff and his desire to take the paw into his own hands, No wonder the defense changed their story. The Trespassing as the basis for Officer Otis's belief he had probable cause in the first declaration (August 4, 2016) turns into breaking and entering on Otis's second declaration (October 12, 2016) along with two supporting affidavits from two more River Rouge Police Officers who no compunction about testifying to something that happened over two years prior. And just for clarification, if a call was made that  there was a breaking and entering in progress at 50 Orchard Street in Ecorse, Michigan the call could only have been made by Officer Otis and this can and will be proven at trial with the evidence attached hereto. Look very closely at the statements and evidence and there is but one conclusion. Would a reasonable police officer person realize that calling in a breaking and entering complaint does not give one probable cause especially when by his own declaration he knew that the Plaintiff was on the property at 5:30 P.M. on April 1, 2013 and then suddenly at 6:08 a breaking and entering call is received. Officer  Otis's

original police report including his narrative report at Exhibit C he never states a word about breaking and entering. In Officer Otis's first declaration on August 4, 2016 he states that he was operating on a theory that the tenant of the property, who was no longer present on the property or in possession thereof had given Officer Otis an imprimatur that he was not to remove them from the property, to wit:

> 8. Based upon my investigations of March 31, 2013 and April 1, 2013, there was an indication that the occupants of the property were Mr. Gregory and Ms Gondenoky and that they had not given Mr. Blue authority to go into property on either day. Also Mr. Blue did not provide me with any eviction documentation allowing him to remove those individuals from the property on either March 31, 2013 or April 1, 2013. Further, according to River Rouge Building Department Mr. Blue did not own the property therefore based upon the facts known to me I believe there was probable cause that he was trespassing on the property on April 1, 2013 and I arrested him for trespassing and issued him a misdemeanor trespassing violation. August 4, 2016 Declaration of Officer Otis

Then on October 12, 2017 Officer Otis states in his declaration that he was dispatched to 50 Orchard street at 6:08 P.M. For a breaking and entering complaint.

> d. At 18:08 (6:08 p.m.), a call was received by the River Rouge Police Department complaining of a breaking and entering in progress at the Property, 50 Orchard.
> e. In response, I was dispatched to 50 Orchard, Ecorse in patrol vehicle RR28. April 1, 2013 Otis Narrative in his police report

It gets kind of confusing to follow Officer Otis's diatribe. His story keeps changing. On August 4, 2016 there is no mention of a breaking and entering call but on October 12, 2017 he suddenly remembers the call along with his two colleagues. On April 1, 2013 Officer Otis has no complainants and no police call to answer so he manufactures evidence to attempt to prove otherwise.

The Plaintiff can now prove that Officer Otis manufactured probable cause and that this precludes summary judgment. In Otis's August 4, 2016 declaration—Suddenly on October 12, 2017, Officer Otis and two other River Rouge Police Officers have an epiphany and remember that they were dispatched to 50 Orchard Street on a breaking and entering report.. Seems a little convenient—doesn't it. The day before all dispositive motions are due and the Defendants change their tactics and massage the facts of the case in an effort to get inside of qualified immunity. The problem is that the court can

no longer rely on the Defense statements. It is a matter for the jury since the inconsistencies lay at the feet of the defendants who keep changing and evolving their story.

## CONCLUSION

This court cannot take a word the defense has belatedly brought forth seriously. They have created material issue of facts which preclude summary judgment simply by taking inconsistent positions and embellishing thei9r defenses at the last minute. The defense has lost any credibility and their affidavits and evidence are not credible. The Plaintiff was in legal possession of the property and had availed himself of the judicial process for eviction. That's something the court's encourage.  Officer Otis can't by-pass the due process clause of the United States constitution by arresting trespassers who may or may not have due process rights for the purpose of squelching those rights. The due process clause means nothing is Officer Otis is allowed to enforce forfeitures and/or foreclosures that are still running their respective due process rights to all those who may be interested. The Plaintiff had all kinds of time to contest everything-- BUT ACCORDING TO OFFICER OTIS—DUE PROCESS WENT OUT THE WINDOW BECAUSE HE DISCOVERED A JUDGMENT. This only proves that the arrest was false and the Officer Otis has some peculiar ideas on how to do his job—and I am not even going to mention the dumb argument that the defense counsel has offered up. This entire argument—that the Plaintiff was not the owner—has no bearing on the case=AT ALL. The Plaintiff was in district court on an eviction. The Plaintiff held himself out as owner/landlord and was acting under the authority of a recorded quit claim deed from the previous owner. No one with standing disputed that. Officer Otis has no standing to dispute titles. THAT'S THE POINT.

This case still rises and falls on the same issue—that being whether or the Plaintiff had "ACTUAL NOTICE" that he was not permitted upon 50 Orchard Street and if he did go upon the property that he

would be subject to arrest and prosecution for trespass.

**IN CONCLUSION**, the defense has made a merit-less argument that Officer Otis can assume the position of Judge, Jury and executioner in the enforcement of Foreclosure Judgments granted Wayne County Treasurer as soon said Judgments are hot off the press—in this case within three days of issuance. Wayne County through their corporate counsel ADMITS they did not evict or dispossess the Plaintiff of his right to be upon the property. If, indeed, Officer Otis did know about the March 28, 2017 Judgment of Foreclosure he has bolstered the Plaintiff's claim that he was falsely arrested. By Officer Otis's view he could simply go through the numerous Judgments of Foreclosure issued everyday in favor of the Wayne County Treasurer and arrest anyone on the property on the premise for trespass. Does this court want to give an imprimatur for that.

Finally, the fact that the defense is failing to provide discovery can be considered bad faith and evidence of bad faith, to wit:

> The only difference in the requisite inquiry is that, where the police are concerned, the "exculpatory value" of the evidence must be "apparent."[14] *Trombetta,* 467 U.S. at 489, 104 S.Ct. 2528. This additional burden, however, merely reflects that materiality is a legal question that the police are not trained to make, and thereby accounts for the practical concern that the police cannot be held accountable for failing to divine the materiality of every possible scrap of evidence.[15] 346*346 *See Youngblood,* 488 U.S. at 58, 109 S.Ct. 333. It does not imply, however, that the police are entirely shielded from liability unless a defendant shows "bad faith." Where the exculpatory value of a piece of evidence is "apparent," the police have an *unwavering* constitutional duty to preserve and ultimately disclose that evidence.[16] The failure to fulfill that obligation constitutes a due process violation, regardless of the whether a criminal defendant or § 1983 plaintiff can show that the evidence was destroyed or concealed in "bad faith." The reason no *further*showing of animus or bad faith is required is that, where the police have in their possession evidence that they know or should know "might be expected to play a significant role in the suspect's defense," *Trombetta,* 467 U.S. at 488, 104 S.Ct. 2528, the destruction or concealment of that evidence can *never* be done "in good faith and in accord with their normal practice," *Killian v. United States,* 368 U.S. 231, 242, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961). Consequently, requiring a criminal defendant or § 1983 plaintiff to show a "conscious" or "calculated" effort to suppress such evidence would be superfluous.[17] **Moldowan v. City of Warren**, 573 F. 3d 309 - Court of Appeals, 6th Circuit 2009

**PRAYER FOR RELIEF**

**WHEREFORE** the Plaintiff requests that the court vacate the August 23, 2018 Opinion and Order dismissing this matter and schedule this matter for trial.

**WHEREFORE** the Plaintiff prays that this court schedule this matter for trial.

**WHEREFORE**, the plaintiff prays for a hearing on this matter.

**WHEREFORE** the Plaintiff prays for any other relief deemed appropriate and reasonable.

Dated: 09-20 -2018                                  Respectfully Submitted,

_____

Sexual Blue, Plaintiff Pro Se