UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SIN DE UN ABDUL BLUE,

    Plaintiff,

vs.

CITY OF RIVER ROUGE, et al.,

    Defendants.
_____/

Case No. 16-cv-10526
HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 144) AND ORDERING RESPONSE TO DEFENDANTS' MOTION FOR BOND ON APPEAL (Dkt. 150)**

Before the Court is Plaintiff Sexual Sin De Un Abdul Blue's motion for reconsideration of the Court's August 23, 2018 Opinion and Order (Dkt. 144). In his motion, Blue asks this Court to reconsider its decision adopting Magistrate Judge Majzoub's recommendation to dismiss this case with prejudice due to Blue's repeated violations of court orders, the Federal Rules of Civil Procedure, and the Court's Local Rules. See 8/23/2018 Am. Op. & Order (Dkt. 142). For the reasons that follow, the Court denies Blue's motion.

Blue brings his motion pursuant to Federal Rule 59(e), which allows a party to file a motion to amend or alter a judgment, so long as the motion is filed within twenty-eight days after the entry of the judgment. See Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). "[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Roger

1

Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, a Rule 59(e) motion is "not intended as a vehicle to relitigate previously considered issues." Nagle Indus., Inc. v. Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997).

Blue does not state the grounds under which he believes the judgment should be altered or amended. He complains that his "motions and attempts to petition this court for relief have been completely ignored." Pl. Mot. at PageID.3340-3341. He says that dismissing a case because of alleged discovery violations is a denial of due process, and accuses the Court of ignoring his objections to the Magistrate Judge's May 30, 2018 Report and Recommendation ("R&R"). Id. at PageID.3341-3342. He then proceeds to copy, word-for-word, his entire objection to the Magistrate Judge's May 30, 2018 R&R, which this Court already overruled. Id. at PageID.3342-3355.

All of Blue's arguments have already been rejected by the Court. Blue does not explain why he believes that the Court has ignored his motions, or provide any examples of a motion or request that the Court has not addressed. He says that the Court "refused to hear any motion for a protective order," Pl. Mot. at PageID.3341, but the magistrate judge held a hearing on his motion for a protective order – and nine of Blue's other motions – on November 15, 2017. Blue withdrew his motion on the record. See 11/17/2017 Order at 1 (Dkt. 118).

Further, the Court, in its August 23, 2018 opinion, addressed Blue's objections to the R&R and overruled them; in so doing, it concluded that dismissal of Blue's claims after repeated violations of the Court's orders, Local Rules, and the Federal Rules of Civil Procedure was warranted under Federal Rule of Civil Procedure 37(b)(2)(A)(v) and did not run afoul of Sixth Circuit precedent.

Because Blue's motion simply seeks to reargue issues that have already been resolved by the Court, it is denied.

Additionally, Blue has not responded to Defendants' motion for bond on appeal (Dkt. 150). Blue shall file a response no later than February 15, 2019. Failure to respond may result in Defendants' motion being granted.

SO ORDERED.

Dated: February 1, 2019  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge