UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEXUAL SIN DE UN ABDUL BLUE,

    Plaintiff,  
vs.

Case No. 16-cv-10526
HON. MARK A. GOLDSMITH

CITY OF RIVER ROUGE, et al.,

    Defendants.
_____/

# ORDER
## DENYING DEFENDANTS' MOTION FOR BOND ON APPEAL (Dkt. 150)

Before the Court is Defendants' motion for bond on appeal (Dkt. 150). This Court entered judgment in this case on August 23, 2018; Plaintiff Sexual Sin de un Abdul Blue filed a notice of appeal on September 24, 2018. Defendants ask that this Court order Blue to post a bond of $10,000.00 before permitting him to proceed with his appeal. For the reasons that follow, the Court denies Defendants' motion.

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The court has discretion to decide both the need for a bond and the amount of the bond. Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc., No. 04-cv-74891, 2008 WL 2415340, at *1 (E.D. Mich. June 12, 2008). In making its determination, the court considers (i) the appellant's financial ability to post bond; (ii) the risk that he would not pay the appellee's cost if the appeal is unsuccessful; (iii) the merits of appeal; and (iv) whether appellant has shown any bad faith or vexatious conduct. Harris v. Members of Bd. of Govs. of Wayne State Univ., No. 10-11384, 2011 WL 4632864, at *2 (E.D. Mich. Oct. 5, 2011).

1

As regards the first factor, Defendants argue that Blue had the financial means to pursue this litigation for two years, he must be able to financially afford a bond. Def. Mot. at 5. They also point to other supposed sources of income, including a magazine that Blue publishes in California, at least three limited liability companies, a multi-state cleaning business, and profit from rental properties. Def. Reply at 1-2 (Dkt. 153). However, the exhibit attached by Defendants does not support these assertions. Defendants also point out that Blue was able to pay the filing fee for his appeal, and say that the "time and expense associated with" Blue's twenty-five motions filed in this case demonstrate an ability to post bond. Id. at 2.

In response, Blue contends that he is indigent as a result of this case. Pl. Resp. at PageID.3466 (Dkt. 152). He was granted permission to proceed in forma pauperis ("IFP") at the initiation of this case, see 2/12/2016 Order (Dkt. 4), and while his more recently-filed IFP application suggests that he has more income now than he did three years ago, it does not show that he could easily afford to pay a bond. The Court finds that this factor weighs in Blue's favor.

Second, Defendants argue that there is a high risk of Blue failing to pay costs if his appeal is unsuccessful. Def. Mot. at 5. They note that he has a history of ignoring the Court's orders, including orders to pay costs: he has failed to pay the costs and fees as ordered by the Court on August 23, 2018. Id. at 5-6. The Court finds that this factor weighs in favor of imposing a bond. See In re Polyurethane Foam Antitrust Litig., 178 F. Supp. 3d 635, 641 (N.D. Ohio 2016) ("A pattern of noncooperation and noncompliance with court orders supports a conclusion that an appellant may not pay the appeal costs if the appeal is unsuccessful.") (quotations and alterations omitted).

The third factor, the merits of Blue's appeal, also weighs against imposing a bond. This Court exercised its discretion in dismissing this case pursuant to Federal Rule 37(b)(2)(A)(v), and

a reviewing court may disagree with the decision. As Blue observes, Pl. Resp. at PageID.3463, the Court did not find Blue's claims to be meritless.

Finally, the fourth factor – whether the appellant has shown bad faith or vexatious conduct – also weighs in favor of requiring a bond on appeal. Blue's case was dismissed due to his disregard for the Court's orders and repeated failures to follow the Local and Federal Rules. See 5/30/2018 R&R at 19 (Dkt. 137) ("Given Plaintiff's contumacious pattern of non-compliance and the fact that he has been undeterred by lesser sanctions, dismissal of Plaintiff's claims is appropriate."). Blue engaged in "uncooperative and disobedient behavior and abuse of the legal process." 5/30/2018 R&R at 17.

Thus, two factors weigh in favor of imposing a bond, while two weigh against it. Because bonds for costs are typically not required on appeal and because the factors are evenly split, the Court in its discretion finds that imposition of a bond is unwarranted. Defendants' motion for bond on appeal (Dkt. 150) is denied.

SO ORDERED.

Dated: March 25, 2019               s/Mark A. Goldsmith
Detroit, Michigan                   MARK A. GOLDSMITH
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2019.

                                    s/Karri Sandusky
                                    Case Manager